[No. 15975.   Department One.—December 18, 1895.]

CONRAD KIRSCHNER, ADMINISTRATOR, ETC., RESPONDENT, *v.* JOSEPH E. DIETRICH, APPELLANT.

DIVORCE—PERSONAL ACTION — ABATEMENT — DEATH AFTER JUDGMENT—JURISDICTION.—An action to procure a judgment of divorce is a purely personal action, which cannot survive the death of either party, and where the plaintiff in such action dies subsequent to the entry of a judgment decreeing a divorce in her favor, the court is deprived of all power to review its action and determine her right to a divorce.

ID.—PUBLICATION OF SUMMONS — APPLICATION TO ANSWER TO MERITS—CONSTRUCTION OF CODE.—The fact that the summons in the action for divorce was served by publication, does not authorize the court to set aside a judgment of divorce, after the death of the plaintiff, to allow the defendant to answer to the merits of the action under section 473

of the Code of Civil Procedure, as that section has no application to a case in which by the death of the plaintiff the action is abated, and all opportunity of controverting its merits has been removed.

ID.—QUESTION OF PROPERTY—ABSENCE OF ISSUE—JURISDICTION TO OPEN JUDGMENT—REVIEW.—The court has no jurisdiction to open the judgment of divorce, for the determination of property rights between the plaintiff and the defendant, after the death of the plaintiff, where the complaint, as well as the judgment, is silent upon the subject of property; and, in such case, there being no issue upon that subject, the action cannot be revived, for the purpose of having the rights of property adjudicated.

ID.—EFFECT OF DECREE—COMMUNITY PROPERTY—TENANCY IN COMMON—INDEPENDENT ACTION. — In the absence of any issue as to property rights, or any reference thereto in the decree of divorce, the parties to the suit become tenants in common of the community property; and the death of the plaintiff after the entry of judgment does not impair the right of the defendant therein; but this right must be enforced in an independent action, in which all who may have an interest therein should be made parties, and it cannot be determined by reopening the decree of divorce subsequent to the death of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*T. Z. Blakeman and Benjamin Healey,* for Appellant.

*Otto Tum Suden,* for Respondent.

HARRISON, J.—In an action for divorce against the appellant, brought by his wife, Filomen Dietrich, service of the summons was made by publication, and judgment of divorce was entered July 13, 1893.   The plaintiff in the action died February 22, 1894, and on June 8, 1894, upon an *ex parte* motion in behalf of the defendant, the court ordered that the administrator of the plaintiff be substituted as plaintiff in place of the deceased, and directed that the action be continued in his name.   Thereafter the defendant, upon notice to the administrator, moved the court to vacate the judgment, and that he be allowed to answer the complaint upon the grounds that the summons had not been personally served upon him; that the judgment was void, and that it had been pro-

cured by false testimony.   The court denied his motion, and the present appeal is from that order.

It is difficult to understand upon what principle the court made the order substituting the administrator of the plaintiff in the place of his intestate, or directed a continuance of the action in his name after the death of the original plaintiff.   But, as the respondent does not appear to have objected thereto, we are not required to determine the correctness of the order.   The court, however, properly denied the defendant's motion to vacate the judgment, and allow him to answer the complaint. . The action was solely for the purpose of procuring a judgment of divorce between the parties—a purely personal action which would not survive the death of either party, and which, upon the death of the plaintiff, could not be further prosecuted or defended, whether her death was before or after judgment.   If she had died prior to the entry of judgment, there could have been no judgment in the case, and her death subsequent to the entry of judgment deprived the court of all power to review its action, and determine her right to a divorce.   The action having been brought to change the personal *status* of the plaintiff in her relations toward the defendant, it is evident that, upon the termination of her life, there was no personal *status* which a judgment could change.

The provision of section 473 of the Code of Civil Procedure, under which the appellant made the present motion, authorizing the court to allow a defendant, in case he has not been personally served with the summons, to answer to the merits of the original action within a year after the rendition of judgment therein, implies that at the time of his application there shall be an action still pending (Code Civ. Proc., sec. 1049), to the merits of which there can be an answer.   The section has no application to a case in which, by the death of the plaintiff, the action has abated, and all opportunity of controverting its merits has been removed.

The effect of the plaintiff's death upon the action is not changed by reason of the question of property which is suggested by the appellant. The complaint, as well as the judgment, is silent upon the subject of property, and, although there is an allegation in reference thereto in the answer which the appellant proposed to file, this did not prevent the abatement of the action, nor is it stated in his notice of motion as one of the grounds upon which he would make it. The primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their rights to the community property is but incidental thereto. If, before a decision upon that question is made, one of the parties dies, the action cannot be continued for the purpose of determining the rights of property; and, if there was originally no issue upon the subject, it cannot be revived in case of death after judgment for the purpose of having this question adjudicated. In the absence of any reference thereto in the decree, the parties to the suit became tenants in common of the community property, and the death of the plaintiff after the entry of judgment did not impair the appellant's right thereto, but this right must be enforced in an independent action (*Godey* v. *Godey*, 39 Cal. 157), in which all who may have any interest therein should be made parties.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.