[Civ. No. 15670.   Second Dist., Div. Two.   June 13, 1947.]

JEANETTE BEVELLE, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, as Special Administrator, etc., Respondent.

Paul R. Hutchinson for Appellant.

Lester William Roth and Leonard G. Ratner for Respondent.

McCOMB, J.—This is an appeal by plaintiff from an order dismisssing an action for separate maintenance after the death of defendant without making an additional allowance for plaintiff's attorney's fees and costs.

### Agreed Facts

Plaintiff filed a suit against her husband for separate maintenance.   At a preliminary hearing on an order to show cause why attorney's fees and costs for the prosecution of the action should not be granted to plaintiff it was stipulated by the attorneys for the respective parties that the husband should be ordered to make a payment on account of such fees and costs

and that the balance should be fixed by the trial court at the time of trial. Thereupon an order was made allowing plaintiff (a) $500 on account of attorney's fees and (b) $100 on account of costs. Subsequently trial of the case was commenced but before its conclusion defendant died, and upon motion of defendant's attorney the action was dismissed without any further order for attorney's fees or costs being made. Upon application of plaintiff the court made an order substituting the special administrator for the estate of the deceased in place of defendant.*

### Agreed Question on Appeal

■ *Was a stipulation at the hearing on the order to show cause that attorney's fees and costs be set at the time of trial a contract and a continuing order that survived defendant's death so that the dismissal of the action before the fixing of such fees and costs was improper?*

This question must be answered in the negative. The law is settled in California that the death of one of the parties to a suit for divorce or separate maintenance abates the action and terminates the jurisdiction of the court to proceed with the action or to make any further determination of property rights, alimony, costs or attorney's fees. (*Kellett* v. *Marvel,* 9 Cal.App.2d 629, 630 [51 P.2d 185], and cases cited therein; *Kirschner* v. *Dietrich,* 110 Cal. 502, 505 [42 P. 1064]. See, also, *McCurley* v. *McCurley,* 60 Md. 185, 187 et seq. [45 Am. Rep. 717].)

In view of the foregoing rule the action herein abated upon defendant's death and the trial court properly dismissed the cause without taking any further action in the case.

We may concede, without deciding, that the stipulation constituted a contract between the parties, which contract survived the death of the husband, and that plaintiff has a contractual claim for attorney's fees and costs based thereon, which claim may be presented to the administrator of the estate of decedent in the manner provided by law, and if refused that an action thereon against the representative of the estate may be maintained. ■ However, it is clear that while it may have constituted a contract between the parties

---

*In view of the statement in *Kirschner* v. *Dietrich,* 110 Cal. 502, at 504 [42 P. 1064], it would appear that the trial court erred in ordering a substitution of the special administrator in the place and stead of the deceased defendant. See, also, *McCurley* v. *McCurley, infra,* at page 190.

upon which plaintiff may proceed to file a claim in the estate of her deceased husband, such stipulation could not confer jurisdiction upon the court to proceed with a determination of attorney's fees and costs after the husband's death had abated the action, since the rule is established that jurisdiction cannot be conferred upon a court by stipulation of the parties. (*Vaughan* v. *Roberts,* 45 Cal.App.2d 246, 253 [113 P.2d 884]; *Miller* v. *Miller,* 52 Cal.App.2d 443, 444 et seq. [126 P.2d 357].)

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.