[Civ. No. 19768. First Dist., Div. Two. Jan. 15, 1962.]

DOROTHY NEWHALL, Plaintiff and Respondent, v. RUTHIE M. NEWHALL MELONE, as Executrix, etc., Defendant and Appellant.

Dinkelspiel & Dinkelspiel and Richard C. Dinkelspiel for Defendant and Appellant.

Walter C. Chouteau and Young, Rabinowitz & Chouteau for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from the judgment entered on October 17, 1960, based upon an order made on October 14, 1960, fixing the sum of $1,300 as a fee to plaintiff's attorneys for their services rendered in resisting defendant's motion to reduce the amount of the payments for the support of the children of the parties.

Plaintiff obtained an interlocutory decree of divorce from defendant on October 31, 1952, and a final decree was entered on November 3, 1953. Both decrees ratified, approved and confirmed a property settlement agreement executed by the parties on October 23, 1952.

Each decree ordered defendant to pay to plaintiff the sum of $5,000 annually for each of the two minor children of the parties. This was in accord with the agreement.

Thereafter, defendant moved to reduce plaintiff's support payments from $22,000 to $9,000 annually and the children's support payments to $1,800 annually for each child. The

motion was made upon the ground that defendant's financial condition had worsened since the final decree.

The motion to modify was denied, and on September 13, 1955, defendant was ordered to pay attorney fees to plaintiff's attorney in the sum of $2,500 plus $100 for costs and expenses. Defendant appealed.

The decision on appeal (*Newhall* v. *Newhall*, 157 Cal. App.2d 786 [321 P.2d 818]) became final on April 23, 1958. The order denying defendant's motion to modify was affirmed. The order awarding attorney fees, costs and expenses was reversed, with directions to the lower court "that further proceedings may be had for determination of the question what attorney fees, costs and expenses, if any, should be awarded plaintiff in respect to the litigation of defendant's motion to reduce the amount of the payments for the support of the children." (P. 797.) The opinion holds that, although plaintiff was barred by the provisions of the property settlement agreement from an award of attorneys' fees for services rendered to her, the children were not so bound by such agreement and the order as to them was proper under section 137.3 of the Civil Code.

No "further proceedings" as directed by the appellate court were had until June 16, 1960, when plaintiff's attorneys moved for attorney fees for services rendered in resisting defendant's motion to reduce the children's support payments. In the meantime, the defendant had died on July 13, 1958.

At the hearing of the motion of June 16, 1960, no testimony, exhibits or affidavits were either offered or received by the court. The judge who had presided at the previous hearings (Honorable William T. Sweigert) had been appointed on October 1, 1959, to the United States District Court. However, Honorable Clarence W. Morris, judge presiding, had before him the record of the modification hearings and the briefs filed therein, together with the opinion of the District Court of Appeal with its direction therein to modify the previous order. He was therefore sufficiently advised of the nature and extent of the legal services rendered and was aware of the $2,600 award previously made to cover all of such services. The allocation of $1,300 made by him on October 14, 1960, was expressly stated to be "for services rendered relative to payments for the support of said children of the parties hereto." No award was made for costs or expenses.

124

 Appellant contends that defendant's death "abates the proceedings and terminates the jurisdiction of the Court to proceed with the litigation or to make any *further* determination of property rights, alimony, or attorneys' fees," citing *Darter* v. *Magnussen*, 172 Cal.App.2d 714, 718 [342 P.2d 528]; *Bevelle* v. *Bank of America*, 80 Cal.App.2d 333, 334 [181 P.2d 730]; and *Hamilton* v. *Hamilton*, 83 Cal.App.2d 771 [189 P.2d 722]. (Emphasis ours.) As applied to the instant case, this means that the court may not make any *further* awards of attorneys' fees.

The award of $1,300 was not a further award. It was an allocation of an award made during the defendant's lifetime and the *right* to such an award became final before defendant's death. (*Newhall* v. *Newhall, supra*; *Wiley* v. *Wiley,* 183 Cal.App.2d 588, 590 [7 Cal.Rptr. 73].)

In the *Darter* case, *supra,* the court said: "However, the death of a party does not affect the court's power to take such action as may still have to be taken to enforce the property rights adjudicated by the interlocutory decree." (P. 718.) This is clear authority for holding that the death of one of the parties does not prevent the courts from taking action to enforce the rights adjudicated prior to the death of one of the parties. In fact, this was done in the *Darter* case itself, wherein the court said (p. 721): "Defendant's contention that the obligation to pay attorney's fees out of the fund to be obtained by sale of the ranch could not mature until the fund came into existence and that the court by reason of the death of Anna lost jurisdiction to bring that fund into existence, is unfounded. As we have heretofore shown, the court had full jurisdiction to enforce the terms of the interlocutory decree."

In the instant case, during the lifetime of the defendant, the trial court made an award for attorneys' fees and costs in the blanket amount of $2,600. No apportionment was made as between the services rendered on behalf of plaintiff and those rendered on behalf of the children. As stated on the prior appeal (p. 797): "We conclude that the court had jurisdiction to award attorney fees and costs in respect to that portion of the proceeding which pertained to the children. But the order making the award was general in terms, not limited to this aspect of the case. *It should be appropriately modified.*" (Emphasis added.) The effect of this holding is that the right to attorneys' fees and costs attributable to resisting defendant's motion to reduce the child support pay-

ments is vested and has become final. It remained only for the lower court to fix the portion of the $2,600 awarded which should be attributed to the children's phase of the matter. The lower court was not called upon and it did not make a new or further award of attorneys' fees. It merely modified the previous order as directed to do so by the upper court.

In *Bevelle* v. *Bank of America, supra,* cited by defendant, the wife appealed from an order dismissing the action upon the husband's death without making an order for additional attorney's fees and costs. The parties had stipulated at a preliminary hearing that such a further order could be made at the time of trial, but the court held that the husband's death abated the action and that the parties could not confer jurisdiction upon the court by stipulation. The basic distinction is apparent. In the cited case, no order for the attorney's fees being sought by the wife had ever been made. In the instant case, the order had been made and become final before the husband's death.

In *Hamilton* v. *Hamilton, supra,* also cited by defendant, the husband died after the entry of the interlocutory decree but before a final decree could be entered. A property settlement agreement was incorporated in the interlocutory decree. One of its provisions was that the husband pay the wife $150 per month for the rest of her life or until her remarriage. The administratrix of the husband's estate moved to modify these payments. The appellate court held that the administratrix would first have to be substituted as a party in the divorce action and, until then, she was a ''stranger'' and not entitled to present the motion. On this limited ground, the appeal was dismissed. The court expressly stated that it was not deciding whether the monthly payments could or could not be modified. (P. 774.) The case has no significance as to the instant appeal.

Defendant makes much of the wording of that portion of the appellate court's opinion, already quoted herein, that ''further proceedings may be had for determination of the question what attorney fees, costs and expenses, *if any,* should be awarded plaintiff in respect to the litigation of defendant's motion to reduce the amount of the payments for the support of the children.'' (Emphasis added.) Defendant argues that this has the effect of leaving the issue open for further proceedings ''as if the question of attorneys' fees had never been tried and as if no judgment concerning attorneys' fees had

ever been rendered.'' We do not so construe the opinion. The part relied upon by defendant is, as we have pointed out above, preceded by the following: ''We conclude that the court had jurisdiction to award attorney fees and costs in respect to that portion of the proceeding which pertained to the children. But the order making the award was general in terms, not limited to this aspect of the case. It should be appropriately *modified.*'' (Emphasis added.) From this, we conclude that it was not the intent of the decision to wipe out the order as though it had never been made, but that the intent was to retain the order and simply have it modified by the trial court in accordance with the appellate opinion.

Keeping in mind that plaintiff was resisting the defendant's motion to reduce her support payments of $22,000 per year, and that such motion was based upon defendant's claim of a change in his financial condition, it may reasonably be concluded that the appellate court felt that whatever ''costs and expenses'' had been incurred in resisting the motion would have been incurred by plaintiff regardless of the child support aspect, and that therefore it might be that the trial court would not allocate any costs or expenses as to this phase of the matter. Therefore, the words ''if any'' could well be applicable only to costs and expenses and not to attorney fees.

█ Defendant next argues that a showing of necessity should have been made at the time of the hearing on the June 16, 1960, motion. But the validity and the propriety of the order of September 13, 1955, insofar as it pertained to the children, had already been affirmed by the decision in *Newhall* v. *Newhall, supra,* and no new or further showing of necessity was required.

█ The final contention made is that it is inequitable to uphold the order awarding attorneys' fees of $1,300 because, by reason of defendant's death, the children succeeded to a portion of their paternal grandmother's estate. The argument is difficult to follow as a legal concept. The right to such award under the order of September 13, 1955, had become final upon the determination of the appeal in *Newhall* v. *Newhall, supra,* and the subsequent receipt of a legacy by the children could not affect the validity of the rights under such order.

Neither party has raised the question as to the effect of the requirements of the Probate Code, sections 700 et seq., relating to the filing of claims by creditors of a decedent. Therefore, we have not discussed it.

The judgment is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied January 31, 1962, and the following opinion was then rendered:

THE COURT.— The same attorneys who represented Newhall during his lifetime and who have represented his executrix since her appointment on July 28, 1958, appeared on October 14, 1960, in opposition to the motion for the fixing of the amount of attorney fees, as directed by the decision of the appellate court in *Newhall* v. *Newhall, supra,* 157 Cal.App. 2d 786 [321 P.2d 818], without making any objection by way of abatement or any suggestion of substitution of parties defendant. Any such objection was thereby waived. The *right* to an award of attorney fees had been adjudicated and became final prior to Newhall's death. This right survived his death. The *amount* of the award was fixed upon only the proceedings which occurred during his lifetime. When Newhall died the claim became one against his estate but the amount of such claim was not determined until the order fixing the same was made. Appellant has not contended that a creditor's claim against the decedent's estate was not filed within the time prescribed by law.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1962. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.