[Civ. No. 32253. First Dist., Div. Four. Nov. 29, 1973.]

In re the Marriage of MARY L. and MILTON W. SHAYMAN.
MARY L. SHAYMAN, Appellant, v.
MILTON W. SHAYMAN, Respondent.

**COUNSEL**

Mezzetti & Testa and Jack Rainville for Appellant.

Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw and Edward A. Hinshaw for Respondent.

## OPINION

**THE COURT.**—Appellant, Mary Shayman, filed a complaint for divorce against Milton Shayman, who answered and cross-complained. The cause was tried, and written findings of fact and conclusions of law were filed by the court on May 26, 1971. That document set forth the rights of the parties with regard to items of community property, child custody, support, attorneys' fees and costs. The section entitled Conclusions of Law contained provisions for the disposition of these matters in the same form that they would ordinarily appear in a judgment, and the document concluded with the statement "Let judgment be entered accordingly."

On June 17, 1971, Milton Shayman passed away. No judgment had been entered. Subsequently, Milton Shayman's attorney in the above proceedings, for reasons which do not appear in the record, filed a noticed motion to have an interlocutory judgment entered *nunc pro tunc* to the date of filing the findings and conclusions. This motion was granted, the trial court relying in part upon section 669 of the Code of Civil Procedure, which provides that, if a party dies after trial and submission of his case to a judge sitting without a jury for decision, the court may nevertheless render judgment thereon.

Mary Shayman appeals, contending that the trial court had no jurisdiction to proceed as it did.

■ It is clear that the court had rendered its decision and the substance of its judgment prior to the death of Milton Shayman.

Rule 232 of the California Rules of Court provides that, where written findings and conclusions have been requested, the court is to submit findings, conclusions and a proposed judgment to the parties, who have a specified period of time in which to file objections. If no objection is filed within that period, the court is to sign and file what then constitutes its findings, conclusions and judgment. Judgment is then to be entered immediately pursuant to section 664 of the Code of Civil Procedure. Those rules applicable to proceedings under the Family Law Act specify that an interlocutory judgment of dissolution is to be rendered in a particular form —that set forth in rule 1287 of the California Rules of Court.

Although the document entitled Findings of Fact and Conclusions of Law, which was filed in this case, did not expressly state that it contained the "judgment" of the court, the document in fact comprised the court's decision. Not only were findings and conclusions set forth, but orders for

the disposition of property and other matters were expressed. Had judgment been set forth in the proper form as prescribed by rule 1287, it would have been subject to immediate entry in accordance with section 664 of the Code of Civil Procedure.

It is also apparent, from the court's explanation of its valuation of the insurance policies, that the parties were aware of the status of Milton Shayman's serious heart condition at the time when the findings and conclusions were filed.

■ It is true, as appellant asserts, that the death of a party to a dissolution proceeding abates the cause of action, as the status of the parties is no longer before the court, and that the court thus loses jurisdiction to make any *further determination* of property rights, alimony, costs or attorneys' fees. (*Darter* v. *Magnussen* (1959) 172 Cal.App.2d 714, 718 [342 P.2d 528]; *Bevelle* v. *Bank of America* (1947) 80 Cal.App.2d 333, 334 [181 P.2d 730]; see also *McClenny* v. *Superior Court* (1964) 62 Cal.2d 140, 144 [41 Cal.Rptr. 460, 396 P.2d 916], and *Kirschner* v. *Dietrich* (1895) 110 Cal. 502, 505 [42 P. 1064].) However, we find nothing in the above cases or the related cases brought to our attention which would render the court powerless to cause entry of a judgment in conformity with a decision which has already issued. *Kirschner* v. *Dietrich, supra,* 110 Cal. 502, which appears to have been a leading case in establishing the general rule with regard to the court's jurisdiction to proceed with determination of property rights, specifically refers to that jurisdiction ceasing when death of a party occurs "before a *decision* upon that question is made." (Italics added; 110 Cal. 502, 505.) Moreover, the holding of *McClenny* v. *Superior Court, supra,* 62 Cal.2d 140, to the effect that the court's jurisdiction as to property rights which have already been adjudicated would not be abated, is in fact supportive of a power to render formal judgment where a decision has issued. Although there is incidental language in the case of *Poon* v. *Poon* (1966) 244 Cal.App.2d 746, 751 [53 Cal.Rptr. 365], to the effect that the court's jurisdiction "to enter a decree of divorce" would be terminated, the concern of that case, as with all of the cases cited by appellant, was with the impropriety of rendering decisions on property or support issues following the death of a party.

■ It is also not apparent that application of the general provision of section 669 of the Code of Civil Procedure would be inconsistent with any of the provisions of the Family Law Act with regard to entry of judgments. Although section 4514 of the Civil Code expressly provides for entry of a final judgment in case of death occurring subsequent to entry of the interlocutory judgment, whereas there is no similar express provision

with regard to entry of the interlocutory judgment itself, this can be readily explained by the fact that the procedure for entry of a final decree of dissolution is peculiar to marital proceedings and it may have been considered necessary to expressly provide for the event of intervening death in that instance, whereas entry of the interlocutory judgment in case of death following submission of the matter to the court would be covered already by section 669 of the Code of Civil Procedure.

It has been recognized as proper, when applying section 669 of the Code of Civil Procedure, to order entry of a judgment *nunc pro tunc* to a date prior to the death of the party, so far as necessary to protect the parties' rights. (*Norton* v. *City of Pomona* (1935) 5 Cal.2d 54, 62-63 [53 P.2d 592].) In light of the confusion that is likely to result from entering a judgment disposing of property rights as of a date subsequent to the death, it was proper in this case to order entry *nunc pro tunc*.

Although the court did not exceed its jurisdiction in proceeding as it did, it ought to have rendered judgment in the proper form as prescribed by rule 1287 of the California Rules of Court first. Such action would be proper under section 669 of the Code of Civil Procedure and would not contravene the general rule that a cause of action does not survive the death of a party to a dissolution proceeding.

No question has been raised in the briefs with regard to the proper parties before the trial court and before this court. However, we find that this matter merits some comment. No steps were apparently taken in the trial court or on appeal to effect a substitution of a personal representative in the place of the deceased Milton Shayman. Although it has been held improper to enter findings of fact and conclusions of law *nunc pro tunc* in favor of a decedent without first substituting his personal representative as a party (*Scoville* v. *Keglor* (1938) 27 Cal.App.2d 17, 28 [80 P.2d 162]), the court in *Uppman* v. *Eyraud* (1957) 151 Cal.App.2d 728, 731 [312 P.2d 57], has indicated that a formal judgment may be rendered without effecting a substitution where a decision has been announced prior to the death. As the court in this case had rendered its decision prior to the death, we consider its jurisdiction to render formal judgment in no way impaired by the failure to effect a substitution.

Although it might ordinarily be proper to effect a substitution on appeal to insure protection of the property rights of a decedent's estate, as this particular appeal merely concerns a jurisdictional question, the answer to which is quite clear, we have deemed it proper to proceed without requiring

the parties to initiate proceedings in accordance with rule 48 of the California Rules of Court to effect a substitution.

The judgment is reversed with directions to enter judgment consistent with the decision set forth in the findings of fact and conclusions of law, and in the form prescribed by rule 1287 of the California Rules of Court. Said judgment will be entered *nunc pro tunc* as of the date of filing the findings of fact and conclusions of law or subsequent thereto, but prior to the death of Milton Shayman. The parties are to bear their own costs on appeal.