101 Cal.App.3d 507 (1980)
161 Cal. Rptr. 808
In re the Marriage of TERRY JANE and CLAYTON STARKEY WILLIAMS.
MARY MARKHAM et al., Appellants,
v.
CLAYTON STARKEY WILLIAMS, Respondent.
Docket No. 57195.
Court of Appeals of California, Second District, Division One.
January 29, 1980.
*508 COUNSEL
Peter N. Priamos for Appellants.
Dale & Dale and Louise D. Dale for Respondent.
*509 OPINION
EPSTEIN, J.[*]
This is an appeal from a denial of a joinder motion in a marriage dissolution. The motion was presented by the mother and brother of the petitioning spouse (the wife) seeking custody and visitation rights with respect to the children of the marriage. The appeal lies. (County of Alameda v. Carleson (1971) 5 Cal.3d 730, 736 [97 Cal. Rptr. 385, 488 P.2d 953]; In re Marriage of Meier (1975) 51 Cal. App.3d 120, 122, fn. 1 [123 Cal. Rptr. 822].) We have concluded that the order was proper, and we affirm.

PROCEDURAL HISTORY
Terry Jane Williams (petitioner) filed a petition seeking dissolution of her marriage to Clayton Williams (respondent) in July 1978. She sought custody of the two minor children of the marriage, spousal support and child support. In her declaration under uniform custody of minors act, she declared that no one other than herself and her husband claimed any visitation or custody right with respect to the children. The court issued a pendente lite order awarding custody to petitioner. The father's response, filed a few days later, also asked that custody of the children be awarded to petitioner, but asked for reasonable visitation rights. He too, declared that no one other than himself and his wife claimed any custody or visitation rights with respect to the children.
Declarations filed with the court by the parties to this appeal establish that petitioner became critically ill in December 1978, and that she entered a hospital, became comatose and was surviving by means of a life support system. Based on these changed circumstances, respondent petitioned the court, on February 6, 1979, for an order transferring custody to himself. On the same day, petitioner's mother and brother (claimants) noticed a motion to be joined in the dissolution proceedings. They alleged an "active interest in the childrens' welfare" and claimed custody and visitation rights over the children based on allegations that respondent father was unfit.
Two days later, on February 8, 1979, petitioner died. On February 27, 1979, the court granted custody to respondent, without prejudice to claimants' petition. In subsequent papers, respondent sought dismissal of the proceeding on the grounds of petitioner's death. On May 1, 1979, *510 a hearing was held on the petition for joinder and the motion to dismiss. Acting expressly on the basis that petitioner had died, the court concluded that the marriage dissolution proceeding had terminated as a matter of law, and hence that there was no pending action to which claimants could be joined. It denied the petition.

CLAIMANTS MOTION FOR JOINDER WAS PROPERLY DENIED
(1) Divorce is a personal action that does not survive the death of a party. (Kirschner v. Dietrich (1895) 110 Cal. 502, 504 [42 P. 1064]; Bevelle v. Bank of America (1947) 80 Cal. App.2d 333, 334-335 [181 P.2d 730].) When one of the parties dies, dissolution occurs as a matter of law, and there is nothing left for a court to dissolve or annul. "The dissolution is final, irrevocable, nonmodifiable, and nonappealable." (Greene v. Williams (1970) 9 Cal. App.3d 559, 562 [88 Cal. Rptr. 261].) This rule, established early in our cases remains applicable in dissolution proceedings under the Family Law Act. (In re Marriage of Shayman (1973) 35 Cal. App.3d 648, 651 [111 Cal. Rptr. 11].)
(2a) Claimants argue that they are entitled to join in the proceedings, and that Civil Code section 4600,[1] read with California Rules of Court, rule 1252(b)[2] creates a cause of action in themselves which survives the marriage dissolution, since they filed their joinder motion while petitioner was still alive. They cite the provision in section 387 of *511 the Code of Civil Procedure permitting joinder "upon timely application" by a person "who has an interest in the matter in litigation." The reference to timeliness, they say, implies that their cause of action must survive so long as it was in existence when the motion to intervene was filed.
Claimants' interest in the proceedings, as it stood before petitioner's death when they filed their motion, may have been too remote to satisfy traditional rules for intervention.[3] There is, however, authority that would have supported joinder at that point. (In re Marriage of Meier, supra, 51 Cal. App.3d at p. 123, fn. 3.) This is an issue we need not decide, since petitioner's death dissolved the marriage and terminated whatever right claimants may have had in the marriage dissolution proceedings.
Upon the death of a party to a marriage dissolution or divorce proceeding, the court retains the power to enter judgment in conformity with matters already adjudicated before the death. But it can make no further adjudication of issues. (In re Marriage of Shayman, supra, 35 Cal. App.3d at p. 651; Bevelle v. Bank of America, supra, 80 Cal. App.2d at p. 334; see also McClenny v. Superior Court (1964) 62 Cal.2d 140, 145-147 [41 Cal. Rptr. 460, 396 P.2d 916].)
In this case there had been no determination that respondent was unfit; in fact, the judge's temporary award of custody to respondent made after interviewing the children and ascertaining their wish to live with respondent (see Civ. Code, § 4600) is indicative of the father's fitness to have custody of the children. (3) Further, such fitness is presumed as against a nonparent. (Guardianship of Barassi (1968) 265 Cal. App.2d 282, 287 [71 Cal. Rptr. 249].)
(2b) The court was faced with the fact of petitioner's death during the pendency of the dissolution proceedings and before any adjudication on claimant's motion for joinder. Under these circumstances it had no choice but to deny the motion.
Because the trial court's decision was based on its conclusion that denial of the joinder motion was required as a matter of law, we do not *512 reach other contentions of the parties on appeal about the exercise of discretion by a trial judge in deciding questions of custody or of intervention.
Of course, our decision does not mean that a surviving parent having custody of the children of a marriage cannot be deprived of that custody in appropriate independent proceedings, such as an action under Civil Code section 232 to declare a minor free from the custody and control of parents. (See In re Carmalita B. (1978) 21 Cal.3d 482 [146 Cal. Rptr. 623, 579 P.2d 514].) Finally, we note that Civil Code section 197.5 authorizes the granting of visitation rights to a grandparent of a deceased parent. (Cf. Adoption of Berman (1975) 44 Cal. App.3d 687, 696 [118 Cal. Rptr. 804].)
The order appealed from is affirmed.
Lillie, Acting P.J., and Hanson, J., concurred.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] "In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding, or at any time thereafter, make such order for the custody of such child during his minority as may seem necessary or proper. If a child is of sufficient age and capacity to reason so as to form an intelligent preference as to custody, the court shall consider and give due weight to his wishes in making an award of custody or modification thereof. Custody should be awarded in the following order of preference:

"(a) To either parent according to the best interests of the child.
"(b) To the person or persons in whose home the child has been living in a wholesome and stable environment.
"(c) To any other person or persons deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child.
"Before the court makes any order awarding custody to a person or persons other than a parent, without the consent of the parents, it must make a finding that an award of custody to a parent would be detrimental to the child, and the award to a nonparent is required to serve the best interests of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings. The court may, in its discretion, exclude the public from the hearing on this issue."
[2] "(b) A person who has or claims custody or physical control of any of the minor children of the marriage or visitation rights with respect to such children may apply to the court for an order joining him as a party to the proceeding."
[3] See Klinghoffer v. Barasch (1970) 4 Cal. App.3d 258, 261 [84 Cal. Rptr. 350]; Bernheimer v. Bernheimer (1948) 87 Cal. App.2d 242, 247 [196 P.2d 813]; Muller v. Robinson (1959) 174 Cal. App.2d 511, 515 [345 P.2d 25].