39 Cal.App.4th 1573 (1995)
46 Cal. Rptr.2d 623
In re the Marriage of KENNETH and PAMELA B. LISI.
PAMELA B. LISI, Appellant,
v.
PEARL FRANKLIN VOGEL et al., Respondents.
Docket No. B086709.
Court of Appeals of California, Second District, Division Five.
October 26, 1995.
*1574 COUNSEL
Brady, Riggs, Ford & Booth and Brendan P. Brady for Appellant.
Honey Kessler Amado, in pro. per., and for Respondents.
*1575 OPINION
ARMSTRONG, J.
On November 4, 1992, Kenneth Lisi filed a petition to dissolve his marriage to Pamela Lisi. A bitter battle developed over the custody of the parties' two minor children. Pursuant to Family Code section 3150, which authorizes the court to appoint private counsel to represent the interests of children in a custody proceeding, the court appointed respondent Pearl Franklin Vogel to represent the two children. Ms. Vogel retained Honey Kessler Amado to assist in the representation of the children.
On October 22, 1993, the court relieved Ms. Vogel as counsel for the children pursuant to stipulation and without prejudice, subject to reappointment on motion of one of the parties prior to time of trial. The court further ordered that "reasonable attorney's fees for Ms. Vogel will be determined at time of trial. Such fees will be paid out of the proceeds of the sale of the family residence subject to allocation of her attorney's fees as to each parties' [sic] share."
On October 31, 1993, Mrs. Lisi's mother shot Kenneth to death. A judgment of dissolution had not been entered. Thereafter, on March 29, 1994, Ms. Vogel sought an order fixing the amount of her fees and apportioning the obligation between the community or the parties. Mrs. Lisi opposed the motion, contending that Mr. Lisi's death abated the action and deprived the court of jurisdiction to make the requested order. She also contested reasonableness of the fees requested. On July 22, 1994, the court awarded attorney fees in the amount of $27,205 to Ms. Vogel and $3,500 to Ms. Amado. The order required the fees to be equally shared by Mrs. Lisi and the estate of Kenneth Lisi.[1] Mrs. Lisi appeals the order, stating in her opening brief that the appeal presents a single issue: "Did the court in the dissolution action err in exercising jurisdiction to award fees subsequent to the death of Mr. Lisi?" The estate of Kenneth Lisi has not appealed.
(1) As between the parties to a dissolution action, the death of one party before entry of an order dissolving the marriage abates the action. Following death of a party, the court is deprived of jurisdiction to make further orders concerning property rights, spousal support, costs or attorney fees. (In re Marriage of Allen (1992) 8 Cal. App.4th 1225 [10 Cal. Rptr.2d 916]; Kinsler v. Superior Court (1981) 121 Cal. App.3d 808 [175 Cal. Rptr. 564]; In re Marriage of Williams (1980) 101 Cal. App.3d 507 [161 Cal. Rptr. 808]; In re Marriage of Shayman (1973) 35 Cal. App.3d 648 [111 Cal. Rptr. 11]; Bevelle v. Bank of America (1947) 80 Cal. App.2d 333 [181 P.2d 730].) The court *1576 retains jurisdiction, however, to take action to enforce rights adjudicated prior to the death of a party. (McClenny v. Superior Court (1964) 62 Cal.2d 140, 145 [41 Cal. Rptr. 460, 396 P.2d 916]; Newhall v. Melone (1962) 199 Cal. App.2d 121, 124 [18 Cal. Rptr. 476].) Mrs. Lisi argues that because her marriage had not been dissolved at the time of Mr. Lisi's death, the action abated and the court was without jurisdiction to determine the amount of reasonable attorney fees to be awarded to Ms. Vogel and Ms. Amado. We disagree.
Counsel for children appointed pursuant to Family Code section 3150 "shall receive a reasonable sum for compensation and expenses, the amount of which shall be determined by the court.... [T]his amount shall be paid by the parties in the proportions the court deems just." (Fam. Code, § 3153, subd. (a).) If the parties together are financially unable to pay all or a portion of the cost of appointed counsel, the portion the parties are unable to pay shall be paid by the county. (Fam. Code, § 3153, subd. (b).) This clear legislative directive that counsel's fees are to be paid, either by the parties or by the county, imposes a mandatory duty upon the court to award attorney fees to such counsel and vests in the attorney the right to receive a "reasonable sum for compensation and expenses" at the time the order is made. The order determining the right to attorney fees was made prior to the death of Mr. Lisi, but the court postponed the determination of the amount of reasonable fees to the date of trial. Since the right to fees had been adjudicated before Mr. Lisi's death, the court retained jurisdiction after his death to determine the amount of fees and allocate payment between the parties. (McClenny v. Superior Court, supra, 62 Cal.2d 140; Newhall v. Melone, supra, 199 Cal. App.2d 121.)
In Newhall v. Melone, supra, the husband moved to reduce plaintiff's support payments and child support payments under an interlocutory decree of divorce. The trial court ordered defendant to pay attorney fees in the sum of $2,500. On appeal, the order awarding attorney fees was reversed with directions to the lower court to determine "what attorney fees, costs and expenses, if any, should be awarded plaintiff in respect to the litigation of defendant's motion to reduce the amount of the payments for the support of the children." (Newhall v. Melone, supra, 199 Cal. App.2d at p. 123.) Plaintiff's attorneys moved for attorney fees, but in the meantime defendant had died. The trial court awarded $1,300 for services rendered relative to the child support issue. On appeal, appellant contended, just as Mrs. Lisi contends here, that death of a party to a dissolution proceeding abates the proceedings and terminates the jurisdiction of the court to make any further determination of attorney fees. With respect to this argument, the court said: "The award of $1,300 was not a further award. It was an allocation of an *1577 award made during the defendant's lifetime and the right to such award became final before defendant's death." (Id. at p. 124, italics in original.)
In McClenny v. Superior Court, supra, our Supreme Court cited Newhall favorably and summarized its holding as follows: "Finally, in Newhall v. Melone ..., the divorce court entered an order erroneously apportioning an award of attorney's fees to plaintiff's counsel. Prior to a hearing to reapportion the fees, defendant died. The court rejected the contention of defendant's representatives that defendant's death abated the proceeding and precluded the court from fixing the amount of the fees. The court aptly stated that `... the death of one of the parties does not prevent the courts from taking action to enforce the rights adjudicated prior to the death of one of the parties.'... Even though the fee had not yet been fixed, the court said that the right to the award had been established; any determination of the amount of such award was an `allocation' of it and hence an enforcement of a property right." (McClenny v. Superior Court, supra, 62 Cal.2d at p. 145, internal citations omitted.)
Here, Ms. Vogel's and Ms. Amado's rights to attorney fees for representing the children vested prior to Mr. Lisi's death and became a property right. Even though the fee had not yet been fixed, the right to the fee had been established and the calculation of the amount of the fee by the court after Mr. Lisi's death was the enforcement of a vested property right, an act within the court's jurisdiction.
The judgment is affirmed. Respondents Pearl Franklin Vogel and Honey Kessler Amado to recover costs on appeal.
Turner, P.J., and Godoy Perez, J., concurred.
NOTES
[1] The estate of Kenneth Lisi was substituted as a party in place of Kenneth Lisi pursuant to court order.