Filed 4/24/23 Marriage of Blum and Herbstman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of ADAM BLUM and LAUREN HERBSTMAN. | H049081 (Santa Clara County Super. Ct. No. 2005-1-FL129664) ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING NO CHANGE IN JUDGMENT |
| ADAM BLUM, Appellant, v. LAUREN HERBSTMAN, Respondent. | |

BY THE COURT:

It is ordered that the opinion filed herein on April 17, 2023, be modified as follows:

On page 12, delete the fourth sentence in the first full paragraph, which begins with the words "Despite this, . . ." and replace it with the following sentence: "Despite this, the record does not show that he requested a hearing, or provided the court with the income and expenditures form which would support his position that the court order that Herbstman pay all the fees requested by minor's counsel."

There is no change in the judgment. Appellant's petition for rehearing is denied.

_____
Wilson, J.

_____
Grover, Acting P.J.

_____
Danner, J.

Blum v. Herbstman
H049081

Filed 4/17/23 Marriage of Blum and Herbstman CA6 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of ADAM BLUM and LAUREN HERBSTMAN. | H049081 (Santa Clara County Super. Ct. No. 2005-1-FL129664) |
| ADAM BLUM, Appellant, v. LAUREN HERBSTMAN, Respondent. | |

In this family law proceeding, Adam Blum appeals from an order directing that he pay $19,634.50 in attorney fees and costs to minor's counsel. Blum raises multiple claims of error in which he argues: (1) the fees and costs at issue are accrued child support owed by Lauren Herbstman and cannot legally be assigned to him; (2) the court lacked subject matter jurisdiction to retroactively modify the existing child support order; (3) the court lacked jurisdiction to make an order regarding the attorney fees and costs because the August 14, 2018 modification of child support order and the August 29, 2019 order directing allocation of his child support arrears were both pending on appeal; and (4) the trial court violated his due process rights because (a) no request for order had been filed as required by the Family Code and (b) the trial court awarded fees and costs in excess of those requested by minor's counsel without providing him notice or an opportunity to be heard.

We asked the parties to provide supplemental briefing whether our prior opinion in *Blum v. Herbstman* (June 13, 2022, H045460, H046286, H047513 (*Blum*) [nonpub. opn.])[1] precludes Blum from raising certain arguments in this appeal pursuant to the law of the case doctrine.

As we explain below, we conclude the law of the case doctrine negates Blum's jurisdictional arguments and the doctrine of invited error bars his argument that the trial court order violated the automatic stay under Code of Civil Procedure section 916. However, we agree that the order awarding minor's counsel's fees, in an amount greater than she requested, violated Blum's due process rights. We will therefore modify the order, reducing it to the amount originally requested. As so modified, we will affirm the order, without prejudice to minor's counsel seeking recovery of any additional fees owed to her in this matter for services rendered between October 22, 2019 and December 31, 2020.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *Events leading to the appeal in* **Blum**

Herbstman and Blum married in April 2004 and their only child was born in July of that year. They separated in December 2004, and Blum filed for divorce in October 2005. "Since that time, the parties have been engaged in high conflict litigation concerning child custody and support." (*Blum*, *supra*, at p. 2.)

---

[1] Herbstman requests that this court take judicial notice of this opinion on the ground that it is relevant to the issues raised in the instant appeal. Blum opposes the request, arguing that the trial court was not asked to take judicial notice of the opinion and that Herbstman has failed to show that the opinion is of "substantial consequence." We disagree with Blum and will take judicial notice of our prior opinion. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).) As Blum acknowledges, the prior opinion, issued on June 13, 2022, did not exist at the time of the March 19, 2021 order that Blum has appealed. Herbstman cannot be faulted for failing to ask the trial court to take judicial notice of something that did not exist. Furthermore, as we explain in more detail below, our prior opinion expressly undercuts several of the arguments Blum has raised herein and is therefore both relevant and of substantial consequence to this proceeding.

In October 2017, the court appointed minor's counsel. The court ordered "$7500 in attorney's fees payable to . . . minor's counsel . . . . These fees shall be equally shared between the parties."

In a statement of decision dated August 14, 2018, the trial court modified Blum's child support, reducing his monthly payment from $1,447 to $905, retroactive to January 2015. Pursuant to that statement of decision, Blum's "income will be treated with a base salary of $200,000 each year, with a *Smith-Ostler* adjustment as stated for any income over the amount as set forth in the order be calculated on an annual basis."[2] The statement of decision also directed that "[*Smith-Ostler*] shall be paid first to minor's counsel's trust account, and minor's counsel is directed to pay all billed but unpaid balances due to Court ordered professionals falling within the child support provisions. After making all accounts current, any remaining amounts will be paid to [Herbstman]." Herbstman appealed the August 14, 2018 statement of decision. (*Blum*, *supra*, at p. 7 [appeal H046286].)

After Herbstman filed for bankruptcy, she filed a request for an order reallocating the fees owed to court-appointed professionals. After a hearing on August 27, 2018, the trial court found that Herbstman's bankruptcy filing was not relevant to reallocation of these fees and repeated the finding from the August 14, 2018 statement of decision that the sums owed to professionals supporting the minor, such as therapists, counseling, the

---

[2] A *Smith-Ostler* (*In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33), sometimes also *Ostler-Smith*, "provision is 'an additional award, over and above guideline support, expressed as a fraction or percentage of any discretionary bonus actually received.' [Citations.] Its purpose is to capture fluctuations in the supporting spouse's income that are not included in a flat rate amount of support." (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 949.)

parenting coordinator, and minor's counsel "are matters of child support . . . [¶] . . . because their services directly benefit the welfare of the child."[3]

In August 2019, after Blum requested an order on child support arrearages, the court determined that Blum overpaid child support by $24,753 from 2015 to 2018, and owed *Smith-Ostler* arrears in varying amounts for each of those years.[4] The court directed Blum to deposit a portion of the *Smith-Ostler* arrears ($16,840) into a trust account held by minor's counsel and used to pay mother's half of the minor's professionals' fees. Herbstman appealed from this order as well. (*Blum*, *supra*, at p. 7 [appeal H047513].)

### B. *The application for payment of minor's counsel's fees*

On January 27, 2021, minor's counsel filed an application for payment of attorney fees and costs, seeking a total payment of $15,660.74 for her services from October 22, 2019 to December 31, 2020. In her application, minor's counsel asked that the entirety of this amount be allocated to Herbstman, stating that Blum "has paid 100% of his portion" of her fees and costs. Blum filed a declaration supporting minor's counsel's application in full, noting Herbstman's multiple attempts to reallocate payment of the court-appointed professionals' fees, including minor's counsel.

---

[3] The findings and order after hearing (FOAH) was signed and filed by the trial court on October 18, 2018. In that document, the trial court made the following findings: "The court finds, pursuant to Family Code Section 3192 and 4062(a), that a bankruptcy filing does not pose an automatic stay on issues involving therapy and counseling. Those are matters of child support and are child support related, and for that reason, have no role in the bankruptcy proceeding at all. The costs related to therapy and counseling remain as previously ordered. [¶] With respect to minor's counsel and the parenting coordinator the court finds that the payments to those professionals are similar to child support because their services directly benefit the welfare of the child. The court views the roles of the parenting coordinator as essential to the parties and the child moving forward. The court also finds that it was at [Herbstman]'s repeated request that minor's counsel was appointed."

[4] Specifically, the court found Blum owed *Smith-Ostler* arrears as follows: $0 for 2015, $7,322 for 2016, $6,893 for 2017, and $9,947 for 2018.

4

In her response to the application for attorney fees, Herbstman asked that the fees be allocated entirely to Blum and/or the court, as she was unable to afford those payments. She attached an income and expense declaration to her response.

On March 19, 2021, the trial court, finding that Herbstman was unable to pay the fees in question, ordered Blum to pay minor's counsel $19,634.50 in fees and costs for her services from October 22, 2019 to December 31, 2020. The trial court's order does not indicate that a hearing was held on minor's counsel's application nor does it explain the basis for the upward deviation from minor's counsel's initial request for $15,660.74.

Blum timely appealed.

## II. DISCUSSION

### A. *Motion to dismiss appeal*[5]

Herbstman moves to dismiss the appeal on two grounds: (1) Blum's failure to comply with the order he is appealing disentitles him to pursue the appeal; and (2) Blum has violated the California Rules of Court in that his designation of the record was untimely (Cal. Rules of Court, rule 8.121) and his appendix failed to include the notice of appeal and register of actions (Cal. Rules of Court, rule 8.122(b)(1)). We postponed a determination on the motion pending briefing on the merits.

We dispose of Herbstman's procedural objections first. To the extent that Blum failed to comply with the California Rules of Court, we find that those defects have been corrected, such that any prejudice to Herbstman has been cured. Due to "the policy

---

[5] Herbstman also asks that this court, on its own motion, sanction Blum pursuant to rule 8.276 of the California Rules of Court. As we discuss below, we conclude Blum is entitled to some relief and therefore we cannot say the appeal "is so totally and completely without any arguable merit as to justify an award of sanctions." (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1208 [citing demanding requirements for imposing sanctions on appeal laid out in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651 (*Flaherty*)].)

preference for resolving controversies on their merits," we decline to dismiss the appeal on those grounds. (*Leavitt v. County of Madera* (2004) 123 Cal.App.4th 1502, 1524.)

We now turn to whether the appeal must be dismissed pursuant to the "disentitlement doctrine," under which a party who fails to comply with trial court orders may be precluded from pursuing an appeal. (*Gwartz v. Weilert* (2014) 231 Cal.App.4th 750, 757.) "An appellate court has the inherent power to dismiss an appeal by a party that refuses to comply with a lower court order. [Citation.] This doctrine of disentitlement is not jurisdictional, but is a discretionary tool that may be used to dismiss an appeal when the balance of the equitable concerns makes dismissal an appropriate sanction. [Citation.] The rationale underlying the doctrine is that a party to an action cannot seek the aid and assistance of an appellate court while standing in an attitude of contempt to the legal orders and processes of the courts of this state. [Citation.] . . . An appellate court may dismiss an appeal where the appellant has willfully disobeyed the lower court's orders or engaged in obstructive tactics." (*Id.* at pp. 757-758, fn. omitted.) "The disentitlement doctrine 'is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed.' [Citation.] Moreover, the merits of the appeal are irrelevant to the application of the doctrine." (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265 (*Ironridge*).)

In *Ironridge*, the defendant corporation appealed an ex parte order requiring it to issue stock to the plaintiff and prohibiting it from transferring stock to any third parties until it had completed the required transfer to plaintiff. (*Ironridge, supra*, 238 Cal.App.4th at p. 261.) During the pendency of the appeal, however, the defendant corporation "transferred millions of shares of stock to third parties" and none to the plaintiff. (*Id.* at p. 262.) The court found dismissal of the appeal an appropriate remedy for the "flagrant disregard" of the trial court's order. (*Ibid.*) In opposing the motion to dismiss, defendant corporation argued the trial court's orders were invalid. (*Id.* at

6

p. 266.)  The *Ironridge* court acknowledged that " '[a] person may refuse to comply with a court order and raise as a defense to the imposition of sanctions that the order was beyond the jurisdiction of the court and therefore invalid . . . .' " (*Id.* at p. 267, quoting *In re Marriage of Niklas* (1989) 211 Cal.App.3d 28, 35.)  Because the ex parte order was neither void nor voidable, the defendant "had no cause to disobey the court's order, but did so, repeatedly." (*Ironridge*, *supra*, at p. 267.)

Blum's appeal from the March 19, 2021 order is based on his argument that the trial court lacked jurisdiction to make the order and also that his due process rights were violated when the court, without notice to him or a hearing, ordered him to pay minor's counsel's fees.  As noted above, *Ironridge* indicates that the disentitlement doctrine would not apply if the order violated by an appellant were void, as a person may refuse to comply with a court order and raise voidness of the order as a defense. (*Ironridge*, *supra*, 238 Cal.App.4th at p. 267.)

Accordingly, as Blum's appeal is based at least in part on his contention that the March 19, 2021 order is void, we conclude that the disentitlement doctrine is not applicable here.  We therefore deny Herbstman's motion to dismiss.

### B. *Blum's jurisdictional arguments are precluded by the law of the case doctrine*

#### 1. *The prior opinion*

In *Blum*, this court reversed the August 14, 2018 statement of decision modifying child support (H046286) and the August 29, 2019 enforcement order (H047513)[6] because we concluded that the trial court improperly redirected child support payments from Herbstman to the court-appointed professionals, including minor's counsel. (*Blum*, *supra*, at pp. 32-33, 38.)  We specifically found that fees owed to these professionals could not be considered add-on child support under Family Code section 4062. (*Blum*,

---

[6] The August 29, 2019 order was reversed because its validity depended entirely on the validity of the August 14, 2018 order.

*supra*, at p. 32.)  Further, to the extent that the trial court had inherent authority to earmark child support funds for these purposes, it could only do so " 'where there is a strong showing of necessity, buttressed by specific, detailed factual findings compelling the need to limit access to support funds.' (*In re Marriage of Chandler* [(1997) 60 Cal.App.4th 124,] 128.)" (*Blum*, *supra*, at p. 33.)  The trial court's August 14, 2018 order had no such factual findings.[7]

### 2. *Law of the case doctrine*

Assuming review is not granted, an appellate court decision is final for all purposes when the time for review by the California Supreme Court has expired and the remittitur has issued.  (Cal. Rules of Court, rule 8.272; see *Siry Investments*, *L.P. v. Farkhondehpour* (2015) 238 Cal.App.4th 725, 730 ["appeal is not final until the court has issued its decision *and* issued the remittitur"].)  Once an appellate decision has become final, "[i]t is law of the case and is binding upon the parties and the trial court." (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 315 (*Ducoing Management*).)

" 'The doctrine of "law of the case" deals with the effect of the first appellate decision on the subsequent retrial or appeal:  The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.' " (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491, italics omitted.)  "The law of the case must be adhered to both in the lower court and upon subsequent appeal." (*Santa Clarita Organization for Planning the Environment v.*

---

[7] Blum acknowledges that the August 14, 2018 statement of decision has been reversed but notes that the trial court could, on remand, issue a new order with the necessary factual findings.  To our knowledge, no such order has been entered below, and Blum does not claim otherwise.  The fact remains that the August 14, 2018 statement of decision has been vacated and is without any legal effect. (See *People v. Eroshevich* (2014) 60 Cal.4th 583, 594 [order reversed on appeal no longer has any vitality or force].)

*County of Los Angeles* (2007) 157 Cal.App.4th 149, 156.) The "doctrine promotes finality by preventing relitigation of issues previously decided." (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1505.)

### 3. *Analysis*

Blum's jurisdictional arguments are based on the trial court's determination that fees owed to professionals, including minor's counsel, were considered add-on child support under Family Code section 4062. For example, Blum states that the trial court lacked the authority to order him to pay minor's counsel's fees because: (1) those fees are Herbstman's "accrued child support arrearages[;]" (2) "retroactive modification of child support is forbidden[;]" and (3) the pending appeals in H046286 and H047513 deprived the court of jurisdiction to modify the parties' child support obligations. However, our disposition in *Blum*, "is law of the case and is binding upon the parties and the trial court. [Citation.] We will not revisit the ruling here." (*Ducoing Management*, *supra*, 234 Cal.App.4th at p. 315.)

Blum's first jurisdictional argument is that minor's counsel's fees were "accrued child support owed by Herbstman" and as such the trial court could not legally modify those fees or allocate them to a different party. The validity of this argument depends on the characterization of minor's counsel's fees as child support, however. In *Blum*, we reversed the statement of decision which deemed fees owed to court-appointed professionals as add-on child support under Family Code section 4062. As that statement of decision no longer has legal effect, the fees and expenses owed to minor's counsel were not "accrued child support" and the trial court had the authority to allocate those sums as it saw fit under Family Code section 3153, subdivision (a).

Blum next argues that Herbstman failed to appeal from the trial court's orders from the August 27, 2018 hearing which deemed the fees owed to court-appointed professionals as add-on child support. Those orders are, in Blum's view, final and could

9

not be "retroactively modified" by the March 19, 2021 order reallocating the obligation to pay those fees from Herbstman to himself. We disagree.

Again, the validity of the trial court's characterization of fees as set forth in the August 14, 2018 statement of decision was before us in *Blum*. The October 18, 2018 FOAH is based on the August 14, 2018 statement of decision's finding that court-appointed professionals' fees were add-on child support. As we reversed the statement of decision on which the October 18, 2018 FOAH was based, that FOAH has as much legal validity, at least insofar as it relates to characterizing court-appointed professionals' fees as child support, as the August 14, 2018 statement of decision, i.e., none. Therefore, the allocation of minor's counsel's fees in the March 19, 2021 order was not a retroactive modification of child support, but rather a new order based on a different statute, i.e., Family Code section 3153.

Lastly, Blum argues that the court had no jurisdiction to act on minor's counsel's application because the matters were subject to an automatic stay, per Code of Civil Procedure section 916, by virtue of Herbstman's appeal in *Blum*. We disagree.

As set forth in the Code of Civil Procedure, and subject to enumerated exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ." (Code Civ. Proc., § 916, subd. (a).) This automatic stay "protect[s] the appellate court's jurisdiction by preserving the status quo until the appeal is decided." (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629; accord, *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).) It "prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it." (*Elsea*, *supra*, at p. 629; *Varian*, *supra*, at p. 189.) "To accomplish this purpose, [Code of Civil Procedure] section 916, subdivision (a) stays all further trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal. In

10

determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results." (*Varian*, *supra*, at p. 189.)

Here, the trial court acted on minor's counsel's application for fees during the pendency of the appeal in *Blum*. That appeal addressed, among other issues, Herbstman's "challenges [to] an order modifying child support and . . . a posttrial order enforcing the order modifying child support." (*Blum*, *supra*, at p. 1.)

Family Code section 3153, subdivision (a), sets forth a "clear legislative directive that counsel's fees are to be paid, either by the parties or by the county, imposes a mandatory duty upon the court to award attorney fees to such counsel and vests in the attorney the right to receive a 'reasonable sum for compensation and expenses' at the time the order is made." (*In re Marriage of Lisi* (1995) 39 Cal.App.4th 1573, 1576.) Merely because the trial court had, in its August 14, 2018 statement of decision, deemed court-appointed professionals' fees as add-on child support, did not mean that any application for payment of those fees is a matter "embraced in or affected by the appeal" of that statement of decision. (*Varian*, *supra*, 35 Cal.4th at p. 189.) We see no reason why minor's counsel, or other court-appointed professionals, must wait for the conclusion of an appeal before seeking payment for their services.

Furthermore, Blum is estopped from raising this claim on appeal by the doctrine of invited error. " 'Under the doctrine of invited error, where a party, by his conduct, induces the commission of an error, he is estopped from asserting it as grounds for reversal. [Citations.] Similarly, an appellant may waive his right to attack error by expressly or impliedly agreeing at trial to the ruling or procedure objected to on appeal.' " (*Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1685.) When minor's counsel's filed her application for payment of fees, Blum did not just fail to object that the trial court was barred by Code of Civil Procedure section 916 from acting thereon; he

11

affirmatively *supported* her application. Having invited the trial court's error, he cannot now complain that it acted in excess of its jurisdiction.

### C. *Blum's due process argument*

We next address Blum's claim that the March 19, 2021 order violated his due process rights. "Due process requires that certain basic procedural protections be afforded before the state deprives an individual of property." (*Flaherty*, *supra*, 31 Cal.3d at p. 651.) "The key elements of procedural due process are notice and an opportunity to be heard." (*Garamendi v. Golden Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 706.) On appeal, we independently review a claim that the lower court failed to provide appellant with adequate notice or due process. (*Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1169-1170.)

We conclude that the March 19, 2021 order did not meet these elements, at least as to the amount of fees awarded. Blum was aware, and thus had notice, that minor's counsel had applied for payment of her outstanding fees. Once Herbstman filed her response to minor's counsel's application, Blum was also on notice that there was at least a possibility, however remote, that some or all of the requested fees, i.e., $15,660.74, could be allocated to him. Despite this, the record does not show that he requested a hearing, or provided the court with the income and expenditures form which would support his request that the court order that Herbstman pay all the fees requested by minor's counsel. Accordingly, as to the court's determination that Blum should pay the $15,660.74 in fees and expenses set forth in minor's counsel's application, we conclude that there was no due process violation.

However, there is nothing in the record indicating that Blum had notice that the amount of fees requested by minor's counsel ($15,660.74) would be increased by the trial court to $19,634.50, nor is there any information in the record specifying how the trial

12

court reached that figure. Without notice and an opportunity to be heard on this increase, we agree that Blum's due process rights were violated as to the amount of the difference.

Based on the foregoing, we conclude that the appropriate remedy is to modify the order awarding minor's counsel's fees to the amount requested therein, i.e., $15,660.74. " 'Whenever an appellate court may make a final determination of the rights of the parties from the record on appeal, it may, in order to avoid subjecting the parties to any further delay or expense, modify the judgment and affirm it, rather than remand for a new determination.' " (*Orthopedic Systems, Inc. v. Schlein* (2011) 202 Cal.App.4th 529, 547.)

## III. DISPOSITION

The trial court's March 19, 2021 order is modified to reflect the amount of fees awarded to minor's counsel, payable by Blum, is $15,660.74. The order as modified is affirmed, without prejudice to minor's counsel seeking recovery of any additional fees owed to her for services rendered between October 22, 2019 and December 31, 2020. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Wilson, J.

WE CONCUR:

_____

Grover, Acting P.J.

_____

Danner, J.

Blum v. Herbstman
H049081