[Civ. No. 60747. Second Dist., Div. Two. July 22, 1981.]

SUSAN KINSLER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DANIEL MARKS, as Special Administrator, etc., Real Party in
Interest.

Counsel

Robert M. Ross for Petitioner.

No appearance for Respondent.

Hochman, Balkin & DeRoy, Kenneth G. Gordon, Maupin, Cutler, Teplinsky & White and James C. Maupin for Real Party in Interest.

Opinion

FLEMING, Acting P. J.—Susan Kinsler appeals a minute order entered in an action to dissolve her marriage to Arnold Kinsler. The issue is whether the death of a party in a dissolution proceeding after entry of judgment dissolving the parties' marital status abates the action and deprives the court of jurisdiction to decide the remaining issues in the cause. ■ While the judgment dissolving the parties' marital status is appealable (Code Civ. Proc., § 904.1, subd. (j); *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 736 [137 Cal.Rptr. 568]; *In re Marriage of Fink* (1976) 54 Cal.App.3d 357, 362-366 [126 Cal.Rptr. 626]), the minute order from which Susan appeals—which merely vacated prior minute orders—is not. Accordingly, we treat the appeal as a petition for a writ of mandate.

Arnold and Susan Kinsler were married in January 1977 and separated in October 1978. In November 1978 Arnold filed a petition to dissolve the childless marriage. Thereafter, the trial court entered several minute orders regarding, inter alia, the use and disposition of certain property and the award of temporary spousal support to Susan. On November 2, 1979, and January 22, 1980, respectively, the court entered interlocutory and final judgments dissolving the status of the marriage only, and reserving jurisdiction to confirm the parties' separate property and divide their community property at a later date. On January 28, 1980, Arnold Kinsler died. The trial court concluded that Arnold's death deprived it of jurisdiction to decide the remaining issues in the cause. On February 4, 1980, the court on its own motion entered a minute order abating the action and vacating nunc pro tunc as of the date of Arnold's death "all orders heretofore made of any order or description." On February 14 the court entered a second minute order to clarify that its first order was designated merely to vacate the orders it

had "made with respect to spousal support, possession or use of real property, restraining orders and similar pendente lite orders."

■ In her appellate brief Susan argued that the trial court's vacation of all prior orders on February 4 "necessarily vacated" the interlocutory and final judgments dissolving her marital relationship and that the court exceeded its jurisdiction on February 14 when it clarified its February 4 order. Specially, she argued that the February 4 order restored her status as a wife, thereby entitling her to receive a widow's pension from Arnold's estate (Prob. Code, § 680). That contention is entirely without merit. The trial court never intended to vacate, nor did it in fact vacate, its prior judgment on the status of the marriage. It clearly did not exceed its jurisdiction or abuse its discretion on February 14 when it clarified its first order to indicate it was vacating, nunc pro tunc as of the date of Arnold's death, nothing more than interim property and support orders. (Code Civ. Proc., § 473.) In any event, Susan has apparantly abandoned this contention since the filing of her appellate brief. On April 30, 1980, the probate court denied her petition for a widow's allowance, and in appellate argument here Susan's counsel conceded the finality of the judgment dissolving her marital status. (See *Estate of Casimir* (1971) 19 Cal.App.3d 773 [97 Cal.Rptr. 623].)

■ Susan now contends the trial court erred in concluding that Arnold's death deprived that court of jurisdiction to decide the remaining issues in the cause. That contention has merit. In reaching its decision to abate further proceedings in the cause the court expressly relied on *In re Marriage of Shayman* (1973) 35 Cal.App.3d 648, 651 [111 Cal.Rptr. 11]. In *Shayman* the husband in a dissolution proceeding died after the trial court entered findings and conclusions and ordered that "judgment be entered accordingly." Following the husband's death, the trial court entered an interlocutory judgment nunc pro tunc as of the date of the filing of findings and conclusions. The appellate court, in approving the entry of judgment, pointed out that the death of a party to a dissolution proceeding ordinarily "abates the cause of action, as the status of the parties is no longer before the court, and . . . [thereby deprives the court of] jurisdiction to make any further determination of property rights, alimony, costs, or attorneys' fees." However, the reviewing court noted that the trial court had already rendered its decision on those issues before the husband died, and therefore it concluded that his death did not abate the action nor deprive the trial court of jurisdiction to enter judgment in conformity with its findings and conclusions.

The language and decision in *Shayman* do not support the trial court's conclusion in the instant cause that Arnold's death deprived it of jurisdiction to decide the unresolved issues in the cause. To the contrary, the language in *Shayman* supports the conclusion that the death of a party to a dissolution proceeding does not abate an action in which a decision has been rendered. Moreover, whereas in *Shayman* only findings and conclusions had been entered prior to the husband's death, at bench a final judgment had been entered conclusively dissolving the marital relationship, thus presenting an even stronger case than *Shayman* for retention of jurisdiction. When the trial court at bench entered judgment dissolving the status of the marriage it properly reserved jurisdiction to decide the cóllateral property issues. (*McClenny* v. *Superior Court* (1964) 62 Cal.2d 140, 145-146 [41 Cal.Rptr. 460, 396 P.2d 916]; *McLellan* v. *McLellan* (1972) 23 Cal.App.3d 343, 354 [100 Cal.Rptr. 258].) Arnold's subsequent death neither abated the remainder of the dissolution action nor deprived the court of its retained jurisdiction to dispose of the remaining issues. (*McClenny* v. *Superior Court, supra*, 62 Cal.2d p. 146.) The court should have merely substituted in place of the deceased the estate of the deceased as party to the dissolution proceeding. (See Code Civ. Proc., § 385; *McLellan* v. *McLellan, supra*, 23 Cal.App.3d pp. 354-355.)

Let a peremptory writ of mandate issue directing the trial court to vacate its orders of February 4, 1980, and February 14, 1980, to substitute the estate of Arnold Kinsler in place of Arnold Kinsler, and to determine the issues over which it reserved jurisdiction at the time it entered its judgments of dissolution of marriage.

Compton, J., and Beach, J., concurred.