[No. D005941. Fourth Dist., Div. One. Mar. 2, 1988.]

Estate of NANCY BLAIR, Deceased.
ELIZABETH KOMARA, as Executrix, etc., Petitioner and
Respondent, v.
RAY T. BLAIR, JR., Objector and Appellant.

COUNSEL

M. Richardson Lynn, Jr., and Muns, Mehalick & Lynn for Objector and Appellant.

Thomas A. Henry, Jr., for Petitioner and Respondent.

OPINION

**WIENER, Acting P. J.**—Ray T. Blair, Jr., challenges a probate order which requires him to pay his deceased wife's estate one-half of the net proceeds from the sale of the family residence which had been held by them in joint tenancy. We conclude the court had the power to act under Probate Code section 851.5 even after the property had been sold to a bona fide purchaser. We also decide the court based its finding that the residence was community property on erroneous legal standards and therefore reverse for a new trial. In so doing, we articulate what we believe are legitimate concerns which might warrant a legislative change such that the community property presumption of Civil Code section 4800.1 would remain in the event of a spouse's death, and not revert to the common law form of title presumption.

## FACTUAL AND PROCEDURAL BACKGROUND

### I

Ray and Nancy Blair were married in May 1963. In 1972 they bought a house on Sandal Lane in La Jolla, taking title as joint tenants. The Blairs

separated in June 1985. Nancy petitioned for legal separation listing the Sandal Lane home as "community property." Ray's response requested dissolution and confirmation of separate and community assets according to proof. He listed no assets in the response. However, Ray testified in his 1985 deposition that he "believed" the Sandal Lane residence was community property. In December 1985 Nancy executed a new will which left her entire estate to her sister, Elizabeth Komara.

Nancy died before trial in the dissolution action. Komara was appointed executrix of Nancy's estate and filed an inventory and appraisement which contained no reference to the Sandal Lane property.

In February 1986 Ray recorded an affidavit certifying that Nancy, a joint tenant in the Sandal Lane property, had died on January 26, 1986. He sold the property to a bona fide purchase on September 4, 1986.

## II

On September 9, 1986, Komara petitioned under Probate Code section 851.5 claiming the estate had a one-half ownership interest in the Sandal Lane property. She amended the petition two weeks later seeking a one-half interest in the proceeds of sale.

The parties waived jury trial and live testimony. Following argument they submitted the case on points and authorities and declarations. Ray declared, "At no time did Nancy Blair and I agree that the real property located on Sandal Lane in La Jolla, California, would be held as anything other than property in joint tenancy." Ray's counsel withdrew his request for a written statement of decision after the court made detailed findings on the record.

The court ordered Ray to pay the estate a sum equal to one-half the net proceeds of sale of the Sandal Lane property plus interest finding there had been a transmutation of the property from joint tenancy to community property "as a result of an agreement or understanding between the decedent and respondent." The court acknowledged there was no evidence to show when the transmutation occurred and expressly declined to make a finding on that issue. However, in its written order the court said the provisions of Civil Code section 5110.730 had "been complied with."

### DISCUSSION

### I

We reject Ray's contention that Komara's section 851.5 petition was untimely. Probate Code section 851.5 states in part: "If a person dies in

possession of, or holding title to, real or personal property which, or some interest in which, is claimed to belong to another, or dies having a claim to real or personal property, title to or possession of which is held by another, the executor, administrator, or any claimant may file with the clerk of the court a verified petition setting forth the facts upon which the claim is predicated. . . ." Section 851.5 contains no time limitation for filing a petition. (*Estate of Sayles* (1982) 130 Cal.App.3d 275, 278 [181 Cal.Rptr. 543].)

The fact the property was in the form of cash proceeds of sale at the time the petition was filed has no bearing on the court's power to adjudicate the estate's claim to that property. By its express terms section 851.5 deals with adverse claims involving both real and personal property. Section 851.5 petitions routinely involve the tracing of proceeds in deposit accounts. (See e.g., *Estate of Drucker* (1984) 152 Cal.App.3d 509 [199 Cal.Rptr. 345]; *Estate of Aiello* (1980) 106 Cal.App.3d 669 [165 Cal.Rptr. 207].) Furthermore, *Estate of Sayles, supra,* 130 Cal.App.3d 275 is inapposite. In *Sayles* the claimant was a secured creditor and his "interest" in the property was limited to the security it provided for payment of an $11,000 note. "[T]he most the creditor would receive would be the money owed . . . not the property itself." (*Id*. at p. 280.) Here Komara properly sought possession of the proceeds of sale.

II

A more troublesome question concerns the characterization of the Sandal Lane property upon Nancy's death.

We begin by acknowledging the "grand" and "distinguishing" incident of the joint tenancy estate is the right of survivorship. By contrast, if property is held as community property, one-half belongs to the surviving spouse on the death of the other and the remaining half is subject to the testamentary disposition of the decedent. (Sterling, *Joint Tenancy and Community Property in California* (1983) 14 Pacific L.J. 927 at pp. 951, 953.) These differing characteristics of community property and joint tenancy give rise to the dispute between Ray and Komara.

Ray concedes the Civil Code section 4800.1 presumption[1] would have operated in the marital dissolution proceeding, characterizing the residence as community property subject to equal division between the parties. However, Ray correctly asserts divorce is a personal action which does not

---

[1] Formerly section 5110. All statutory references are to the Civil Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

survive the death of a party. ■ Where one party dies during the pendency of a dissolution proceeding, the court retains power to enter judgment in conformity with matters adjudicated before the death, but cannot adjudicate unresolved issues. (*In re Marriage of Williams* (1980) 101 Cal.App.3d 507, 510-511 [161 Cal.Rptr. 808].)

■ For purposes of determining the character of real property on the death of one spouse, there is a presumption "that the property is as described in the deed and the burden is on the party who seeks to rebut the presumption." (*Schindler* v. *Schindler* (1954) 126 Cal.App.2d 597, 602 [272 P.2d 566].) ■ Thus "[t]he fact that a deed was taken in joint tenancy establishes a prima facie case that the property is in fact held in joint tenancy." (*Id.* at p. 601.) A devisee may test a surviving joint tenant's claim by showing the property held under a joint tenancy deed is in fact community property. (*Sandrini* v. *Ambrosetti* (1952) 111 Cal.App.2d 439, 447-451 [244 P.2d 742].) Extrinsic evidence is admissible to show the joint tenants actually intended the property to be held as community property. (*Tomaier* v. *Tomaier* (1944) 23 Cal.2d 754, 757 [146 P.2d 905].)

Before January 1, 1985, the form of title presumption could be rebutted by showing the character of the property had been changed by oral or written "agreement or common understanding between the spouses." (*Estate of Levine* (1981) 125 Cal.App.3d 701, 705 [178 Cal.Rptr. 275].) Agreement could also be inferred from the conduct or declarations of the parties. (*Ibid.*) Whether the presumption was rebutted was a question of fact. (*Ibid.*)

Section 5110.730, applicable to transmutation of property made after January 1, 1985, overruled existing case law which permitted oral transmutation of marital property. (See legis. committee com., West's Ann. Civ. Code (1988 pocket supp.) § 5110.730, p. 11.) Section 5110.730 states in part: "(a) A transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected. [¶] (e) This section does not apply to or affect a transmutation of property made before January 1, 1985, and the law that would otherwise be applicable to such a transmutation shall continue to apply." ■ Thus, here Komara must show a writing *only* for transmutation of the Sandal Lane property occurring after January 1, 1985.

Because the parties chose an abbreviated probate proceeding without live testimony, the court was provided with only the bare outlines of the lawsuit limited to post-1985 events. On this sparse record the court found: "10. There was a transmutation of the residence from joint tenancy into community property as a result of an agreement or understanding between the

decedent and respondent. This agreement or understanding is evidenced by the declaration of the decedent in her Petition for Legal Separation . . . that the Sandal Lane residence was community property, and the declaration of respondent contained in his deposition in the dissolution of marriage proceedings, that he believed the residence to be community property. Both spouses' interests were adversely affected by their respective declarations. The Court finds that the provisions of Civil Code Section 5110.730 have been complied with."

We believe it is significant, however, that the declarations of the respective parties which the court relied upon were made in their dissolution proceeding. By the time Ray was deposed we believe it is fair to assume that his attorney had explained to him what effect the community property presumption had on jointly held property. Thus his deposition testimony does not necessarily show the parties' separate agreement that the jointly held property was actually community property. His testimony may only refer to the fact that he was aware that he was governed by the presumption. Because this latter interpretation is reasonably probable we conclude that in the absence of other independent or corroborating evidence there is insufficient evidence to support the court's finding of transmutation. We therefore reverse the order.

On remand the trial court must first consider *when* any transmutation may have occurred to determine which standard of proof applies. For transmutation before 1985, Komara may rebut the form of title presumption by presenting any substantial credible and relevant evidence showing the Blairs' intention, understanding or agreement. (*Ante,* p. 167; see also *Beck* v. *Beck* (1966) 242 Cal.App.2d 396, 407 [51 Cal.Rptr. 491].) If the court finds no transmutation before 1985, only an express written declaration by Nancy and Ray will successfully rebut the form of title presumption. ■ The parties are not bound by the writing requirement of section 5110.730 for any agreement or understanding made before 1985 because retroactive application would contravene due process substantially affecting a vested property right. (See *In re Marriage of Buol* (1985) 39 Cal.3d 751, 759 [218 Cal.Rptr. 31, 705 P.2d 354].) If the court finds that the parties did not agree upon a transmutation before December 31, 1984, the requirements of section 5110.730 may be properly applied.

Komara's success on retrial is not limited to her establishing a transmutation. If Komara is able to show that there had been a severance of the joint tenancy Ray would not be entitled to receive Nancy's one-half of the proceeds of sale by right of survivorship. ■ In addition to the methods of

severance authorized by section 683.2[2] an agreement between joint tenants to dispense with the right of survivorship terminates a joint tenancy relationship. (*California Trust Co.* v. *Anderson* (1949) 91 Cal.App.2d 832, 836 [205 P.2d 1127].) Furthermore, an agreement between joint tenants which is inconsistent by its terms with one or more of the four essential unities of joint tenancy will be considered a severance even though it does not expressly terminate the joint tenancy. (*Wardlow* v. *Pozzi* (1959) 170 Cal.App.2d 208, 210 [338 P.2d 564].)

## III

Submerged in our decision to apply the common law presumption to this case are several troubling issues.

We believe that applying the common law presumption in this type of case places an unnecessary legal task on the family law practitioner. The lawyer representing a party in a dissolution proceeding is now obligated to promptly partition all community property held in joint tenancy to avoid what occurred in this case. The lawyer's malpractice exposure is exacerbated by the difficulties in obtaining relevant information from the nonmanaging spouse who frequently has inaccurate knowledge of the extent or title to marital property. These legal services place an additional financial burden on the client.

We think it is illogical that parties such as Nancy and Ray, awaiting the court's division of property acquired during marriage, would envision or desire the operation of survivorship.[3] An untimely death results in a windfall to the surviving spouse, a result neither party presumably intends or anticipates. This unfairness occurs in the context of a chameleon-like community property presumption which appears upon the filing of a dissolution action, disappears upon death, and potentially reappears upon intestate succession. (*Estate of Luke* (1987) 194 Cal.App.3d 1006, 1015 [240 Cal.Rptr. 84].) Such a result is not only contrary to the certainty which should be associated with legal process, but contravenes the policy considerations which form the basis of family law matters.

Our role, however, is only to decide this case. The concerns we have expressed are more properly addressed by the Legislature which can provide that the community property presumption under section 4800.1 applies

---

[2] A joint tenant may unilaterally sever a joint tenancy by conveying to a third party, or by a written instrument or deed properly acknowledged and recorded.

[3] Our generalized statement excludes what we hope is the rare case in which one of the spouses wishes to make the macabre gamble that he or she will be the survivor if one of the parties dies pending dissolution.

to those cases in which a spouse holding joint tenancy property dies during the pendency of a dissolution proceeding.

## DISPOSITION

Judgment reversed for further proceedings consistent with this opinion. The parties to bear their respective costs.

Work, J., and Todd, J., concurred.

A petition for a rehearing was denied March 30, 1988.