[No. S025205. Dec. 17, 1992.]

In re the Marriage of JOYCE J. and ROBERT W. HILKE.
JUNE MUELLER, as Administratrix, etc., Respondent, v.
ROBERT W. HILKE, Appellant.

## Counsel

Henderson & Angle and Robert O. Angle for Appellant.

Robert A. McFarland for Respondent.

## Opinion

PANELLI, J.—For the purpose of division of property upon dissolution of marriage, property acquired by the parties during marriage in joint tenancy form is presumed to be community property. (Civ. Code, § 4800.1, subd. (b).)[1] This case requires us to determine the character of a marital residence —title to which was held by the spouses in joint tenancy—when, after entry

[1]Civil Code section 4800.1 provides as follows:

"(a) The Legislature hereby finds and declares as follows:

"(1) It is the public policy of this state to provide uniformly and consistently for the standard of proof in establishing the character of property acquired by spouses during marriage in joint title form, and for the allocation of community and separate interests in that property between spouses.

"(2) The methods provided by case and statutory law have not resulted in consistency in the treatment of spouses' interests in property which they hold in joint title, but rather, have created confusion as to which law applies at a particular point in time to property, depending on the form of title, and, as a result, spouses cannot have reliable expectations as to the characterization of their property and the allocation of the interests therein, and attorneys cannot reliably advise their clients regarding applicable law.

"(3) Therefore, the Legislature finds that a compelling state interest exists to provide for uniform treatment of property; thus the Legislature intends that the forms of this section and Section 4800.2, operative on January 1, 1987, shall apply to all property held in joint title regardless of the date of acquisition of the property or the date of any agreement affecting the character of the property, and that that form of this section and that form of Section 4800.2 are applicable in all proceedings commenced on or after January 1, 1984. However, the form of this section and the form of Section 4800.2 operative on January 1, 1987, are not applicable to property settlement agreements executed prior to January 1, 1987, or proceedings in which judgments were rendered prior to January 1, 1987, regardless of whether those judgments have become final.

"(b) For the purpose of division of property upon dissolution of marriage or legal separation, property acquired by the parties during marriage in joint form, including property

of a judgment dissolving the marital relationship, followed by the wife's death, the trial court exercised its reserved jurisdiction to divide the marital property. The trial court applied the presumption set forth in section 4800.1 and found the residence to be community property. The Court of Appeal reversed, reasoning that the wife's death intervened before that statute could be applied, so that the husband's right of survivorship as a joint tenant prevailed. We reverse.

*Factual Background*

Robert and Joyce Hilke married in 1955. In 1969 they purchased a residence, taking title as "husband and wife, as joint tenants." On January 27, 1989, Mrs. Hilke filed a petition to dissolve the marriage. The parties stipulated to an order bifurcating the proceeding, terminating their marital status, and reserving jurisdiction over all other issues, including support and property division.

Before any of the property issues were adjudicated, Mrs. Hilke died.[2] Thereafter, the administrator of her estate was substituted as a party. (Code Civ. Proc., § 385; *Kinsler* v. *Superior Court* (1981) 121 Cal.App.3d 808, 812 [175 Cal.Rptr. 564].) There had been no change in the title to the property between its acquisition and the date of Mrs. Hilke's death.

The trial court denied Mr. Hilke's motion for summary adjudication of the property's character. The matter proceeded to trial on the undisputed facts set forth in the preceding two paragraphs. Neither party contended there had been any contributions of separate property toward purchase of the residence, and there was no claim of an agreement that the property would be the separate property of either spouse. The trial court determined it retained jurisdiction to decide all of the real property issues that could have been decided had they been presented at the time the parties' marital status was dissolved. It then held that the residence was the parties' community property. The Court of Appeal reversed, and we granted review to address the effect of section 4800.1 on the present situation.

held in tenancy in common, joint tenancy, tenancy by the entirety, or as community property is presumed to be community property. This presumption is a presumption affecting the burden of proof and may be rebutted by either of the following:

"(1) A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property.

"(2) Proof that the parties have made a written agreement that the property is separate property."

Further statutory references are to the Civil Code unless otherwise noted.

Effective January 1, 1994, section 4800.1 has been repealed and replaced with an equivalent provision in the Family Code. (Stats. 1992, ch. 162, §§ 3, 10; see Fam. Code, § 2580 (effective Jan. 1, 1994).)

[2]In her will, Mrs. Hilke left her share of the parties' community property to her children.

*Analysis*

A discussion of the development of the statute with which we are concerned will assist our resolution of this dispute. Before 1966, California courts applied a rebuttable presumption that ownership interest in property was as stated in the title. Thus, a residence purchased with community funds, but held by a husband and wife as joint tenants, was presumed to be separate property in which each spouse had a one-half interest. The presumption arising from the form of title created difficulties upon divorce or separation when the parties held title to their residence in joint tenancy. A court could not award a house so held to one spouse for use as a family residence for that spouse and the children, unless the presumption arising from the joint tenancy title could be rebutted by evidence of an agreement or understanding to the contrary. (*In re Marriage of Lucas* (1980) 27 Cal.3d 808, 813-814 [166 Cal.Rptr. 853, 614 P.2d 285].)

To remedy the problem, the Legislature in 1965 added the following provision to former section 164: "[W]hen a single family residence of a husband and wife is acquired by them during marriage as joint tenants, for the purpose of the division of such property upon divorce or separate maintenance only, the presumption is that such single family residence is the community property of said husband and wife." (Stats. 1965, ch. 1710, § 1, pp. 3843-3844.)

Former section 164 was repealed in 1969 in connection with the enactment of the Family Law Act. (Stats. 1969, ch. 1608, § 3, p. 3313; *In re Marriage of Lucas, supra,* 27 Cal.3d 808, 814, fn. 2.) Effective January 1, 1970, an almost identical provision in section 5110 replaced the substance of former section 164. (Stats. 1969, ch. 1608, § 8, p. 3339.)

Section 5110, in turn, was amended in 1983, and the presumption regarding marital property held in joint tenancy form for the purpose of division of property upon dissolution of marriage was moved to newly adopted section 4800.1. The presumption was expanded to cover all property acquired during marriage in joint tenancy form. (Stats. 1983, ch. 342, § 1, p. 1538.)

In an effort to ensure application of the presumption to marital property held in joint tenancy form, no matter when acquired (see *In re Marriage of Buol* (1985) 39 Cal.3d 751 [218 Cal.Rptr. 31, 705 P.2d 354]; *In re Marriage of Fabian* (1986) 41 Cal.3d 440 [224 Cal.Rptr. 333, 715 P.2d 253]), the Legislature in 1986 amended section 4800.1 to include its finding that "[i]t is the public policy of this state to provide uniformly and consistently for the standard of proof in establishing the character of property acquired by

spouses during marriage in joint title form, and for the allocation of community and separate interests in that property between the spouses." (Stats. 1986, ch. 539, § 1, p. 1924; § 4800.1, subd. (a)(1).) The Legislature found that a compelling state interest exists to provide for uniform treatment of property, and accordingly amended the statute to provide that section 4800.1 shall apply to all property held in joint title regardless of the date of acquisition of the property or the date of any agreement affecting the character of the property. (§ 4800.1, subd. (a)(3).)

■ The nub of this case is whether the community property presumption of section 4800.1 applies to the residence owned by Mr. and Mrs. Hilke. If it does not, then the presumption arising from the form of title is that the spouses were joint tenants and Mr. Hilke consequently succeeds to the property by right of survivorship, absent a transmutation. (See *Tenhet* v. *Boswell* (1976) 18 Cal.3d 150, 155-156 [133 Cal.Rptr. 10, 554 P.2d 330]; § 5110.730 [methods of transmutation].) We turn, therefore, to the question of whether the prerequisite for its application is met: that is, whether the instant proceeding involves a division of property upon dissolution of marriage. (§ 4800.1, subd. (b).)

The parties do not dispute that the trial court reserved jurisdiction to decide property issues when it entered its judgment terminating the parties' marital status. (See § 4515, subd. (c).) ■ The death of one of the spouses abates a cause of action for dissolution, but does not deprive the court of its retained jurisdiction to determine collateral property rights if the court has previously rendered judgment dissolving the marriage. (*McClenny* v. *Superior Court* (1964) 62 Cal.2d 140, 144 [41 Cal.Rptr. 460, 396 P.2d 916]; *Kinsler* v. *Superior Court, supra,* 121 Cal.App.3d at pp. 811-812.) ■ Mrs. Hilke's petition for dissolution alleged that the residence was community property. Mr. Hilke's response alleged that the full extent of community property had not been determined. The trial court properly exercised its retained jurisdiction to decide the issue despite Mrs. Hilke's intervening death, and its order requiring the sale of the residence and equal division of the proceeds between the former spouses effected a division of property upon the dissolution of a marriage. (§ 4800.1, subd. (b).) By its terms, section 4800.1 applies.

■ Mr. Hilke urges that section 4800.1 creates an evidentiary presumption that applies only at the division of property stage of a dissolution proceeding. It does not, in his view, "automatically convert" joint tenancy property to community property the moment a dissolution proceeding is filed. For this proposition, with which we do not quarrel, he cites *Estate of Blair* (1988) 199 Cal.App.3d 161 [244 Cal.Rptr. 627] (*Blair*). *Blair* involved

a situation similar to the present case *but for the fact that the wife died before the entry of any judgment respecting the parties' marital status.* Because, as we have seen, an action for legal separation or dissolution is personal to the spouse, the proceeding in *Blair* abated at the wife's death. The question of the character of the marital residence arose in the context of a proceeding brought by the wife's personal representative under Probate Code section 851.5, claiming that her estate owned a one-half interest in the residence. The Court of Appeal in *Blair* declined to apply section 4800.1, reasoning that for the purpose of determining the character of real property on the death of one spouse, there is a presumption " 'that the property is as described in the deed and the burden is on the party who seeks to rebut the presumption.' " (*Blair, supra,* 199 Cal.App.3d 161, 167 [quoting *Schindler* v. *Schindler* (1954) 126 Cal.App.2d 597, 602 (272 P.2d 566)].) This result was correct, since the abatement of the marital action by virtue of the wife's death precluded the court from making a division of property. *Blair* does not, however, dictate the identical result in the present case, since here the trial court had dissolved the spouses' marriage before the wife's death, and had reserved its jurisdiction to determine property issues in subsequent proceedings.

Recently, the Court of Appeal for the First District considered a case involving facts and issues similar to those we address today. Justice King, writing for the court in *In re Marriage of Allen* (1992) 8 Cal.App.4th 1225 [10 Cal.Rptr.2d 916] (review granted Nov. 12, 1992 (S028952)), concluded as we do that the presumption contained in Civil Code section 4800.1 applies to the division of property held in joint tenancy form if a former spouse dies after entry of a bifurcated judgment dissolving the parties' marital status and reserving property issues for later adjudication. (*Id.* at pp. 1231-1235.)[3]

Mr. Hilke argues that section 4800.1 in any event may not, consistently with due process, be applied retroactively to the marital residence the parties acquired in 1969. In support of this contention, he cites *In re Marriage of Buol, supra,* 39 Cal.3d 751, and *In re Marriage of Fabian, supra,* 41 Cal.3d 440. He contends that if a community property presumption applies at all in this case, it can be only that form of the presumption that existed when the parties bought their residence in 1969. Former section 164 allowed rebuttal of the presumption by *any* understanding or agreement, oral or written, that the property was to be held as indicated in the title. Thus, he reasons, his declaration in support of his motion for summary adjudication— that the spouses desired the survivorship feature of joint tenancy when they acquired the property, and never made any contrary agreement—sufficed to rebut the presumption. (*In re Marriage of Lucas, supra,* 27 Cal.3d 808.)

---

[3]The Reporter of Decisions is directed to publish the opinion in *In re Marriage of Allen* in the Official Reports. (See Cal. Rules of Court, rule 976(d).)

We disagree with his initial premise. Section 4800.1 may be applied on the facts of this case even though the property was acquired before its enactment.

There can be no doubt that the Legislature intended courts to apply section 4800.1 in a division of property upon dissolution of marriage, regardless of the date of acquisition of the property, for the statute expressly says so. (§ 4800.1, subd. (a)(3) ["[T]he Legislature intends that the forms of this section and Section 4800.2, operative on January 1, 1987, shall apply to all property held in joint title regardless of the date of acquisition of the property or the date of any agreement affecting the character of the property. . . ."].) Unless there are constitutional impediments to its application, therefore, we may not refuse the statutory mandate.

 Retroactive legislation may not be applied when it constitutes an ex post facto law or an impairment of an existing contract, or when to do so would impair a vested property right without due process of law. (*In re Marriage of Fabian, supra,* 41 Cal.3d at p. 447.) We are concerned in this case only with the question of whether section 4800.1 impairs a vested property right.

 As we have recognized in a similar context, a vested property right is one that is not subject to a condition precedent. (*In re Marriage of Buol, supra,* 39 Cal.3d at p. 757, fn. 6; *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 591, fn. 7 [128 Cal.Rptr. 427, 546 P.2d 1371].) Mr. Hilke's claim fails at the threshold, for his survivorship interest in the marital residence is plainly subject to the condition precedent that he survive Mrs. Hilke. As Mr. Hilke himself notes in his brief on a collateral point, severance of a joint tenancy—by eliminating the survivorship characteristic of the joint tenancy form of ownership—theoretically affects the expectancy interest of the other joint tenant, but does not involve a diminution of his or her present vested interest. Put another way, a joint tenant has no vested interest in being the surviving tenant. The community property presumption of section 4800.1 therefore may be applied retroactively in the circumstances of this case.

The factual distinctions between this case, on the one hand, and *Buol* and *Fabian,* on the other, bear emphasis. In *Buol,* the spouses had an oral agreement that the wife's earnings and the house she purchased and maintained with them were her separate property; at all relevant times—when she purchased the house and throughout the trial—proof of an oral agreement was all that was required to protect her separate property interest. (*In re Marriage of Buol, supra,* 39 Cal.3d at p. 757.) Section 4800.1, requiring for the first time a writing to establish a separate interest in property held in

joint tenancy form, was enacted *during the pendency of the husband's appeal.* To determine whether retroactive application of section 4800.1 would contravene due process, we examined factors enumerated in *In re Marriage of Bouquet, supra*, 16 Cal.3d at page 592: the significance of the state interest served by the law, the importance of the retroactive application of the law to the effectuation of that interest, the extent of reliance on the former law, the legitimacy of that reliance, the extent of actions taken on the basis of that reliance, and the extent to which the retroactive application of the new law would disrupt those actions. (*In re Marriage of Buol, supra*, 39 Cal.3d at pp. 761-763.) On consideration of those factors, we concluded that application of section 4800.1 to a proceeding *commenced before the effective date of the statute* would impair the wife's vested property rights without due process of law. (39 Cal.3d at p. 763.)

In *Fabian*, we addressed the issue of the retroactivity of section 4800.2, a companion measure to section 4800.1 that provides for reimbursement of separate property contributions to community property unless there is a signed writing waiving reimbursement. During their marriage, Mr. and Mrs. Fabian purchased a motel, taking title as "husband and wife as community property." (*In re Marriage of Fabian, supra*, 41 Cal.3d at p. 443.) The husband invested in the motel some $275,000 of his separate assets. The parties had no agreement that he would be reimbursed for that sum. The trial court found that the motel was community property and, applying then-current law, that the husband had made a gift to the community of his contribution. *During the pendency of the husband's appeal*, section 4800.2 was enacted, in effect reversing the presumption of the prior law and resurrecting the husband's separate property interest. (41 Cal.3d at pp. 443-444.) Analyzing the *Bouquet-Buol* factors, we held that retroactive application of section 4800.2 would unconstitutionally impair the wife's vested interest in the property. (41 Cal.3d at pp. 448-451.)

In both *Buol* and *Fabian*, a spouse's *vested* property interests were infringed without due process by retroactive legislation enacted during the pendency of the appeal. In the present case, by contrast, Mr. Hilke's interest was not vested but was, rather, contingent on his surviving his former wife.[4] We need not engage in extensive analysis of the *Bouquet-Buol* factors as they might apply in this situation, because in the absence of a vested interest, retroactive legislation does not violate due process.

Application of section 4800.1 to this case yields the conclusion that the residence was community property. The statute delineates two ways of

---

[4]An additional difference between this case, on the one hand, and *Fabian* and *Buol*, on the other, is that section 4800.1 was enacted well before Mrs. Hilke filed the petition for dissolution.

rebutting the presumption, but neither is available: the deed does not contain a clear statement that the residence is separate property and not community property, and the record contains no proof that the parties made a written agreement that the residence was separate property. (§ 4800.1, subd. (b).) It follows that the trial court properly ordered the residence sold and the proceeds divided equally between the parties. (See § 4800, subd. (a).)

In light of our interpretation of section 4800.1, it is unnecessary to address the administratrix's alternative contentions.

## Disposition

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.