[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTION FOR ADMINISTRATOR TO BE SUBSTITUTED AS PARTY DEFENDANT (121)
The plaintiff, Annette Ott, and the defendant, John Ott, were married on August 27, 1983. In 1997, the plaintiff commenced this action for dissolution of the marriage, alimony, custody, child support, assignment of a portion of the defendant's estate, transfer of interest in real property, counsel fees and an order for the defendant to provide security and satisfaction of any judgment. On March 24, 1998, this court entered judgment dissolving the marriage and declared each party unmarried, at which time the court recessed for later determination all CT Page 13394 financial orders. The court stated that "judgment [was] not complete." The court did not issue financial orders after that time. The defendant died in March of 1999. The plaintiff moves for the administrator of the defendant's estate to be substituted as a party defendant.
"`[I]f an action for divorce is commenced, and one of the parties dies thereafter, but before the entry of a final decree, the action abates.' 24 Am.Jur.2d 176 (1983)." Misheff v. Misheff, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139817 (December 12, 1995, Harrigan, J.). "By retaining jurisdiction to deal with . . . property, the court [does] not render the final judgment dissolving the marriage any less final." Fernandez v. Fernandez, 648 So.2d 712 (Fla. 1995). Following the death of a party to a dissolution proceeding, "some courts have retained jurisdiction to determine property questions . . . when a judgment of dissolution has already been rendered, yet property questions remain to be determined."Misheff v. Misheff, Ibid. "`[O]nce a final divorce decree had been entered, the right of a subsequently deceased spouse to the distribution of marital property and other economic claims, where these matters have been properly put before the court, is vested.'" Id., quoting Pinkerton v. Pinkerton, 435 Pa. Super. 455,646 A.2d 1184, 1185 (1994). Hence, "where a final judgment of dissolution has been entered before the death of a given spouse, a trial court retains jurisdiction to determine property rights after that spouse's death, if it reserved jurisdiction to do so pursuant to the final judgment of dissolution." MacLeod v. Hoff,654 So.2d 1250 (Fla.App. 2 Dist. 1995); see Kinsler v. SuperiorCourt, 175 Cal.Rptr. 564, 565-66, 121 Cal.App.3d 808 (1981).
Because this court stated that it would "recess this matter and take up all of the financial orders, both periodic and division of assets, at a later date"; (Transcript, p. 5); the court retained jurisdiction over the financial orders to be litigated. Hence, the plaintiff may substitute the administrator of the defendant's estate as the party defendant and complete this action for dissolution.[1]
This outcome is consistent with this court's decision in Lackv. Lack, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 97844 (September 11, 1997, Harrigan, J.) (20 Conn.L.Rptr. 396), where a personal representative was substituted for the decedent wife. There, this court made a finding as to the amount the defendant owed pursuant to the CT Page 13395 judgment that dissolved the parties' marriage. See Id., 397. The court made its finding despite the wife's death because "[t]he post judgment activity in the . . . case began before the plaintiff died, involved periodic orders and a pendente order suspending the said orders." Id. The court's finding of the amount owed, however, "exhaust[ed] the court's jurisdiction." Id. This court has jurisdiction to decide the financial matters in this case with the substituted defendant, but such determination exhausts the court's jurisdiction over the matter.[2]
The plaintiffs motion is granted.