Filed 2/6/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of ALEJANDRO AND THELMA MARTIN.<br><br>_____<br><br>SARA FREDERICK, as Personal Representative, etc.,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>　　　　Respondent;<br><br>THELMA MARTIN,<br><br>　　　　Real Party in Interest. | B250349<br><br>(Los Angeles County<br>Super. Ct. No. VD077788) |

ORIGINAL PROCEEDING; petition for writ of mandate. Charles Q. Clay III, Judge. Writ granted.

_____

John L. Dodd & Associates and John L. Dodd; Law Offices of Kayleene H. Writer and Kayleene H. Writer for Petitioner.

No appearance for Respondent.

Law Offices of F. Adrian Muñoz and Richard S. Singer for Real Party in Interest.

If a party dies between the time the court orally grants a judgment of dissolution and the time the court enters a written judgment of dissolution does the court lose jurisdiction to enter such judgment nunc pro tunc? For the reasons explained below, we hold the court does not lose jurisdiction to enter a nunc pro tunc judgment.

Alejandro and Thelma Martin were married on March 3, 2008 and separated on July 27, 2011.[1] Alejandro petitioned for dissolution of the marriage on October 18, 2011. Thelma responded to the petition on December 12, 2011. Several months later, on April 3, 2012, Alejandro petitioned for bifurcation of the marital status, requesting that the trial court enter a judgment dissolving the marriage and reserve jurisdiction over all other issues. At a hearing on May 7, 2012, the court granted Alejandro's bifurcation petition. It granted a judgment of dissolution of marriage and reserved jurisdiction over all other issues. Alejandro's counsel submitted a written judgment to the court at the hearing. On May 22, 2012, Alejandro passed away. On May 25, 2012, the court entered the written judgment of dissolution.

On June 8, 2012, Alejandro's counsel appeared ex parte requesting that the trial court amend the May 25, 2012 written judgment nunc pro tunc as of a date prior to Alejandro's death, as the judgment of dissolution had been granted and the written judgment had been submitted to the court on May 7, 2012. The court denied the motion without prejudice on the ground that no personal representative had been substituted in the action for Alejandro. On September 24, 2012, Alejandro's daughter, Sara Frederick, was appointed as her father's personal representative. On November 7, 2012, she requested an order joining her in the action as Alejandro's personal representative and amending the May 25, 2012 written judgment nunc pro tunc to terminate the marital status effective May 7, 2012. The court granted her request on December 11, 2012. It entered an amended judgment and served notice of its entry on December 20, 2012. No appeal was taken from the amended judgment.

---

[1]     Because Alejandro and Thelma share the same last name, we refer to them by their first names, as is customary in family law matters. (*In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1264, fn. 1.) No disrespect is intended.

At a status and trial setting conference on July 3, 2013, the trial court announced on its own motion that it was vacating its nunc pro tunc order and amended judgment on the ground that it had lacked jurisdiction when it entered them. According to the court, it lost jurisdiction over the matter on May 22, 2012, upon Alejandro's death, and the matter was to be resolved in probate court.

On August 2, 2013, Frederick petitioned this Court for a writ of mandate asking us to vacate the July 3, 2013 order. On September 3, 2013, at our direction, Thelma filed opposition to the petition. On October 3, 2013, we issued an order to show cause, scheduling the matter for oral argument and setting a due date of October 28, 2013 for Thelma to file a written return to the petition. She did not file a written return. Because we conclude that the trial court had jurisdiction when it entered the nunc pro tunc order and amended judgment, we grant the petition for writ of mandate and direct the court to vacate its order of July 3, 2013, which vacated the nunc pro tunc order and amended judgment.

## DISCUSSION

The trial court vacated its nunc pro tunc order and amended judgment on the ground that it had lost jurisdiction over the matter upon the death of Alejandro. We disagree.

Code of Civil Procedure section 669 provides, "If a party dies after trial and submission of the case to a judge sitting without a jury for decision or after a verdict upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon." This provision "applies to marital dissolution actions." (*In re Marriage of Mallory* (1997) 55 Cal.App.4th 1165, 1170.) Family Code section 2346, subdivision (a), provides that, "[i]f the court determines that a judgment of dissolution of the marriage should be granted, but by mistake, negligence, or inadvertence, the judgment has not been signed, filed, and entered, the court may cause the judgment to be signed, dated, filed, and entered in the proceeding as of the date when the judgment could have been signed, dated, filed, and entered originally, if it appears to the satisfaction of the court that no appeal is to be taken in the proceeding or motion made for a new trial, to annul

3

or set aside the judgment, or for relief" on certain grounds. The court may enter such judgment nunc pro tunc. (Fam. Code, § 2346, subd. (c).) These provisions demonstrate that the trial court had authority to enter the nunc pro tunc order and amended judgment as of the date it orally granted the judgment of dissolution of marriage and reserved jurisdiction over all other issues—a date prior to Alejandro's death.

Case law is in accord. In *In re Marriage of Mallory*, *supra*, 55 Cal.App.4th at page 1167, the appellate court held "that the trial court in a marital dissolution action is empowered to enter a judgment nunc pro tunc with respect to all issues, including marital status, submitted to the court for decision prior to the death of a party to the proceeding, notwithstanding the general rule [in Family Code section 310] that such a death abates a cause of action for termination of status." In that case, the husband passed away after the property issues had been submitted to the court for decision but several hours before the trial court entered its judgment dissolving the marriage and deciding the property issues. (*Id.* at p. 1168.) Relying on Code of Civil Procedure section 669 and Family Code section 2346, as well as "the independent, inherent power" of the trial court upon the death of a party, the appellate court determined the trial court had authority to enter judgment nunc pro tunc as to marital status and all issues submitted for decision and remanded the matter for the husband's representative to renew a motion for judgment nunc pro tunc if he chose to do so. (*Id.* at pp. 1171, 1183; see also *In re Marriage of Shayman* (1973) 35 Cal.App.3d 648, 650-651 [relying on Code Civ. Proc., § 669 to affirm entry of nunc pro tunc judgment as of a date before the husband's death as to matters that had been decided].)

In this case, on May 7, 2012, the trial court on the record announced judgment dissolving the marital status and reserved jurisdiction over all other matters. Alejandro's counsel submitted a written judgment to the court at the hearing. Alejandro passed away on May 22, 2012. The court entered the written judgment on May 25, 2012. Because the court had decided to dissolve the marriage and reserve jurisdiction over all other matters before Alejandro's death, the court maintained the authority to enter the December 11, 2012 nunc pro tunc order and the December 20, 2012 amended judgment

4

recognizing the date of dissolution as May 7, 2012. The court, therefore, was incorrect on July 3, 2013 when it vacated the nunc pro tunc order and amended judgment on the ground that it lacked jurisdiction over the matter when it had entered them. Accordingly, the July 3, 2013 order must be vacated, and the nunc pro tunc order and amended judgment govern the action.

With the nunc pro tunc order and amended judgment in place, such that the dissolution of marriage is prior to Alejandro's death, the trial court may decide the remaining issues over which it reserved jurisdiction. "The death of one of the spouses abates a cause of action for dissolution, but does not deprive the court of its retained jurisdiction to determine collateral property rights if the court has previously rendered judgment dissolving the marriage." (*In re Marriage of Hilke* (1992) 4 Cal.4th 215, 220; see also *McClenny v. Superior Court* (1964) 62 Cal.2d 140, 144.) For example, in *Kinsler v. Superior Court* (1981) 121 Cal.App.3d 808, the trial court, "[o]n November 2, 1979, and January 22, 1980, respectively, . . . entered interlocutory and final judgments dissolving the status of the marriage only, and reserving jurisdiction to confirm the parties' separate property and divide their community property at a later date." (*Id*. at p. 810.) The husband died on January 28, 1980. (*Ibid*.) The court concluded that the husband's death deprived it of jurisdiction to decide the remaining issues and on its own motion issued two minute orders abating the action and vacating its prior orders. (*Id*. at pp. 810-811.) The appellate court, treating the wife's appeal as a petition for writ of mandate, directed the trial court to substitute the estate of the husband as a party in the action and "determine the issues over which it [had] reserved jurisdiction at the time it entered its judgments of dissolution of marriage." (*Id*. at p. 812.) According to the appellate court, "the death of a party to a dissolution proceeding does not abate an action in which a decision has been rendered. . . . When the trial court at bench entered judgment dissolving the status of the marriage it properly reserved jurisdiction to decide the collateral property issues. [Citations.] [The husband's]

5

subsequent death neither abated the remainder of the dissolution action nor deprived the court of its retained jurisdiction to dispose of the remaining issues. [Citation.]" (*Ibid.*)[2]

**DISPOSITION**

The petition for writ of mandate is granted. The trial court is directed to vacate its July 3, 2013 order and proceed in the matter with the December 11, 2012 nunc pro tunc order and December 20, 2012 amended judgment in place. Frederick is entitled to recover her costs in this writ proceeding.

<u>CERTIFIED FOR PUBLICATION</u>.


                                          ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.

---

[2]     Thelma maintains that commencement of a probate action regarding Alejandro's estate (see *Estate of Alejandro Martin*, *Deceased* (Super. Ct. Los Angeles County 2012, No. VP014581) renders unnecessary the trial court's retained jurisdiction to determine other issues relating to her and Alejandro's marriage. That certain components of Alejandro's estate might be subject to probate, however, does not suggest the court has nothing further to decide as to the issues over which it retained jurisdiction in the marital dissolution action.

6